## TYSON v. UNITED STATES.
### No. 45038.

#### Court of Claims.
#### April 1, 1940.

Jules Chopak, of New York City, for plaintiff.

Francis M. Shea, Asst. Atty. Gen. (Henry Fischer, of Washington, D. C., on the brief); for defendant.

Before WHALEY, Chief Justice, and LITTLETON, GREEN, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

This case is before us on demurrer to plaintiff's petition. The allegations of the petition are quite involved, but we understand them to mean: The Treasury Department asserted claims for "customs duties, additional duties, and other statutory claims" against Alfred H. Smith Company, Inc., an importer, in the year 1932, which claims the importer agreed to settle for the sum of $80,000. Later, apparently, the matter reached the United States Customs Court, and there judgment was entered against the importer for the sum of $17,-000, or $63,000 less than the amount originally agreed to be paid, which reduction, it is alleged, was procured by the fraud of the importer. It is further alleged that the plaintiff in June 1932 "furnished original information * * * respecting the failure of said importer to pay said duty," and that thereafter an additional sum of $9,000 was paid in further satisfaction of the importer's liability. The plaintiff made claim for the informer's fee provided for by section 619 of the Tariff Act of 1930, 46 Stat. 590, 758, 19 U.S.C.A. § 1619, of twenty-five per centum of the $9,000, but, it is alleged, "the defendant denied the claim of plaintiff and accordingly failed, neglected, and refused to make such payment."

The defendant demurs to this petition on the ground that it fails to state a cause of action: (1) because the character of the

information furnished by plaintiff is not stated; and (2) because the Act under which plaintiff sues makes the decision of the Secretary of the Treasury on an application for an informer's fee final and conclusive.

Section 619 of the Tariff Act of 1930, 19 U.S.C.A. § 1619, provides, in part: "Any person not an officer of the United States * * * who furnishes to a district attorney, to the Secretary of the Treasury, or to any customs officer original information concerning any fraud upon the customs revenue, or a violation of the customs law or the navigation laws, perpetrated or contemplated, which * * * information leads to a recovery of any duties withheld, or of any fine, penalty, or forfeiture incurred, may be awarded and paid by the Secretary of the Treasury a compensation of 25 per centum of the net amount recovered, but not to exceed $50,000 in any case * * *."

In order to entitle an informer to the compensation provided for he must give original information of a fraud on the revenue or a violation of the customs law, and the information so given must lead to a recovery of the duties, or of a fine, penalty, or forfeiture. Plaintiff's petition does not allege expressly that the information given by him concerned a fraud on the revenue or a violation of the customs law. His allegation is that he gave information "respecting the failure of said importer to pay said duty." Whether this information concerned hidden assets, or a fraud on the revenue, or a violation of the customs law, or just what it did concern, whether it was original information, or whether it led to the recovery of the $9,000, does not appear. The defendant is entitled to be informed by plaintiff's petition of the character of the information given, and this is not done. For this reason, if for no other, the demurrer should be sustained.

But for another and more important reason it should be sustained. The Act says that a person furnishing information concerning a fraud on the revenue or a violation of the customs law, which information leads to a recovery of duties, or of a fine, penalty or forfeiture on account of the fraud or violation, "may be awarded and paid by the Secretary of the Treasury" a fixed compensation. The defendant says that the Secretary's action in refusing to pay the award is final and conclusive, and that this court has no jurisdiction to review it. We do not altogether agree. Under certain circumstances and to a certain extent we think his action may be reviewed by the courts. Congress did not intend to leave to the caprice or whim of the Secretary an informer's right to the award. It intended to confer upon the informer an absolute right to demand the payment of the award when he had met the conditions precedent thereto laid down by Congress; that is to say, when he had furnished information of a fraud on the revenue, or a violation of the customs law, and when that information was "original" information thereof, and when that information led to the recovery of duties, or of a fine, penalty, or forfeiture. If the information furnished was not the first information which the Secretary of the Treasury had had concerning the fraud or violation, the informer was not entitled to the fee. If the information furnished did not lead to a recovery of duties, or of any fine, penalty, or forfeiture, the informer was not entitled to a fee. But when the information was the first information which the Secretary had had, and when that information led to the recovery of duties, or of a fine, penalty, or forfeiture, then the informer was entitled as of right to the payment of the award, and if the Secretary of the Treasury arbitrarily or capriciously refused to pay it, the informer had the right to file suit in court to compel that payment. G. Alexander Ramsey v. United States, 14 Ct.Cl. 367; Sarah E. Ramsay et al. v. United States, 21 Ct.Cl. 443, 450, affirmed 120 U.S. 214, 30 L.Ed. 582; Laughlin v. United States, 52 Ct.Cl. 292; United States v. Laughlin, 249 U.S. 440, 39 S.Ct. 340, 63 L.Ed. 696. This is a Government of laws, not of men.

In the case of United States v. Laughlin, 249 U.S. 440, 442, 443, 39 S.Ct. 340, 341, 63 L.Ed. 696, the court had under consideration the proper construction of section 2 of the Act of March 26, 1908, 43 U.S.C.A. § 96, which reads: "That in all cases where it shall appear to the satisfaction of the Secretary of the Interior that any person has heretofore or shall hereafter make any payments to the United States under the public land laws in excess of the amount he was lawfully required to pay under such laws, such excess shall be repaid to such person or to his legal representatives."

The defendant insisted that a favorable decision by the Secretary was a condition

precedent to the right of recovery under this section. The court, however, rejected this construction saying: "We cannot accept this construction of section 2 of the act of 1908. According to it, although facts were made to appear to the entire satisfaction of the Secretary showing that a person had made 'payments to the United States under the public land laws in excess of the amount he was lawfully required to pay under such laws,' it would rest in the uncontrolled judgment and discretion of the Secretary to deny repayment of the excess because not satisfied that it ought to be repaid, notwithstanding Congress had declared that under the precise state of facts it should be repaid. Under this construction the legislative power would in effect be delegated to the Secretary. In our view it was the intent of Congress that the Secretary should have exclusive jurisdiction only to determine disputed questions of fact, and that, as in other administrative matters, his decision upon questions of law should be reviewable by the courts. In the case before us the facts were not and are not in dispute, and were shown to the Secretary's satisfaction; whether, as matter of law, they made a case of excess payment, entitling claimant to repayment under the Act of 1908, was a matter properly within the jurisdiction of the Court of Claims. See Medbury v. United States, 173 U.S. 492, 497, 498, 19 S.Ct. 503, 43 L.Ed. 779; McLean v. United States, 226 U.S. 374, 378, 33 S.Ct. 122, 57 L.Ed. 260; United States v. Hvoslef, 237 U.S. 1, 10, 35 S.Ct. 459, 59 L.Ed. 813, Ann. Cas.1916A, 286."

The question in Sarah E. Ramsay et al. v. United States, supra, was whether the Secretary's action on an informer's right to the fee was final and conclusive. We held there that it was subject to review by this Court, except on questions of fact. We were affirmed by the Supreme Court.

▮ In the case before us, as in the Laughlin and Ramsay cases, supra, we think Congress intended that the determination of the facts set out by Congress as a prerequisite to the right to claim the award should be committed to the Secretary of the Treasury. The Act reads: "Any person not an officer of the United States" who does certain things "may be awarded and paid by the Secretary of the Treasury" a fixed compensation. Since, undoubtedly, by the expression, "may be awarded and paid by the Secretary of the Treasury," Congress did not mean to leave its payment to his "uncontrolled judgment or discretion," it must have meant thereby to give to the Secretary jurisdiction to determine what the facts actually were which were alleged in support of the claim. Certainly some authority was intended to be conferred on him, and that authority must have been to determine the facts, because no other authority could have been constitutionally conferred. Congress could not have intended to confer upon him the right to determine questions of law, because this is the exclusive province of the courts. United States v. Laughlin, Sarah E. Ramsay v. United States, supra. But it could confer on him jurisdiction to determine the facts, and it could make such determination final and conclusive, subject only to review by the courts to determine whether or not there was any evidence to support his finding or whether or not the proceedings were regular. Phillips v. Commissioner, 283 U.S. 589, 600, 51 S.Ct. 608, 75 L.Ed. 1289, and cases there cited. Compare Morgan et al. v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129.

If the Secretary's determination against the claim was supported by no evidence, if it was arbitrary or capricious, or if the proceedings were fatally defective, because, for instance, no opportunity for a hearing had been given the plaintiff, we think a suit would lie in this court to review his determination and to recover the award; but, on the other hand, if there was any evidence to support his finding, and if the proceedings were regular, his findings would be final and conclusive.

▮ The allegations of plaintiff's petition are that he made claim for the award and that "the defendant denied the claim" and "failed, neglected and refused to make such payment." Why the Secretary denied it is not alleged. Nothing is alleged to bring the case within our jurisdiction.

It results that the defendant's demurrer must be sustained, and the plaintiff's petition dismissed. It is so ordered.

WILLIAMS, J., took no part in the decision of this case.