**Jerry Lee HOCH, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 93–553C.

United States Court of Federal Claims.

April 28, 1994.

C. David Tangora, Ft. Lauderdale, FL, for plaintiff.

John C. Erickson, III, Washington, DC, with whom was Asst. Atty. Gen., Frank W. Hunger, for defendant.

## *ORDER*

NETTESHEIM, Judge.

This case is before the court on defendant's motion for partial summary judgment and to dismiss the remainder of plaintiff's complaint based on lack of jurisdiction pursuant to RCFC 12(b)(1). The issue to be decided is whether, after plaintiff had been paid for his cooperation by government agents in previous operations, an agent's promise to pay plaintiff for similar cooperation created a contract binding on the Government. Argument is deemed unnecessary.

### FACTS

The following facts are undisputed, unless otherwise indicated. Jerry Lee Hoch ("plaintiff") periodically had acted as a confidential informant for the United States Drug Enforcement Administration ("DEA") for a number of years prior to the events giving

rise to this lawsuit. Plaintiff alleges that he was "routinely" given rewards by DEA for his efforts on DEA's behalf. Compl. filed Oct. 7, 1993, ¶ 7. DEA's Newark Division Office enlisted plaintiff's cooperation in facilitating an illegal drug transaction involving Keith Mantell. With plaintiff's help the transaction led to the conviction of Mr. Mantell and the seizure of real and personal property in the amount of roughly $1 million.

Pursuant to 28 U.S.C. § 524(c)(1)(B) (1988), DEA Newark Division Office requested DEA's Deputy Assistant Administrator for Operations, Ronald J. Caffrey, on or about March 2, 1992, that plaintiff be awarded $50,000.00 from the Department of Justice Assets Forfeiture Fund. On April 9, 1992, DEA issued a check to plaintiff in the amount of $50,000.00 and advised plaintiff that plaintiff could "pick [the check] up at his earliest convenience." Compl. ¶ 9. The following month, however, DEA Miami Division Office asked DEA Newark Division Office not to issue the check to plaintiff because plaintiff may have engaged in illegal activities that he had not disclosed previously to DEA. Acting on the DEA Miami Division Office's request, DEA Newark Division Office returned the check to DEA. DEA ordered the withdrawal of plaintiff's award request on or about July 28, 1992.

Plaintiff originally filed suit in Florida Circuit Court on September 30, 1992. The case was removed to the United States District Court for the Southern District of Florida on October 23, 1992. On June 15, 1992, the case was transferred to the United States Court of Federal Claims. Plaintiff filed his amended complaint in this court on October 7, 1993, claiming $50,000.00 in damages based on three counts: (1) breach of contract; (2) violation of 28 U.S.C. § 524; and (3) quantum meruit.

Defendant has moved for partial summary judgment with regard to plaintiff's breach of contract claim and to dismiss for lack of subject matter jurisdiction his claims for violation of 28 U.S.C. § 524 and for quantum meruit. Defendant argues that plaintiff has failed to establish that any agent of the Government with whom he allegedly contracted had actual authority to contract with plaintiff. Defendant also argues that since 28 U.S.C. § 524 is not a money-mandating statute, this court is without jurisdiction to consider this claim. Similarly, plaintiff's claim in quantum meruit alleges a contract implied in law. Because the Tucker Act, 28 U.S.C.A. § 1491(a)(1) (West Supp.1993), does not provide the Court of Federal Claims with jurisdiction to consider contracts that are implied in law, defendant asserts that the claim in quantum meruit must be dismissed.

Plaintiff responds that defendant is precluded from relitigating the issues raised in its motion because the district court in its order of transfer previously had denied a similar motion made by defendant. With regard to his contract claim, plaintiff argues that his complaint alleges an express contract, not one implied in fact. The complaint also alleges actual authority of the DEA agents to contract with plaintiff. Further, plaintiff argues that any defects in the contract were cured when DEA issued the check to plaintiff, thus ratifying the express contract. Plaintiff asserts that the plain language of 28 U.S.C. § 524 requires payment once the Government exercises its discretion under the statute and issues a check. Plaintiff's right to the award vested once the check was issued. Citing *United States v. Amdahl Corp.*, 786 F.2d 387 (Fed.Cir.1986), plaintiff argues that a claim in quantum meruit is recognized as a claim for an implied-in-fact contract.*

## DISCUSSION

Summary judgment is appropriate when there are no genuine issues of material

---

\* Plaintiff also argues that the law of the case doctrine precludes defendant from asserting the arguments made in its motion for summary judgment. Since defendant filed essentially the same motion in district court, and this motion was denied in the district court's order of transfer to the Court of Federal Claims, plaintiff argues that the district court's ruling is binding precedent for this motion. The district court's ruling, however, has no impact other than to effect transfer of this case. As this court held in *Morton Thiokol v. United States*, 4 Cl.Ct. 625, 628 (1984), the transferror court lacks jurisdiction to rule on the power of the Court of Federal Claims to adjudicate plaintiff's case or the merits of his claim.

fact in dispute and the moving party is entitled to judgment as a matter of law. RUSCC 56(c). Only disputes over material facts, or facts that might significantly affect the outcome of the suit under the governing law, preclude an entry of judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In opposing a motion for summary judgment, the non-movant may not simply rest on mere allegations on issues it asserts are disputed. Rather, the opposing party must come forward with specific facts set forth in affidavits or other evidence showing that a factual dispute exists. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1992). As the Supreme Court explained in *Lujan:*

> [T]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Id.* Counsel's assertions regarding the fact at issue "cannot substitute for factual statements under oath." *Levi Strauss & Co. v. Genesco, Inc.*, 742 F.2d 1401, 1404 (Fed.Cir. 1984); *see also Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 836 (Fed.Cir.1984) (holding that a party opposing a motion for summary judgment must establish a conflict by a counter-affidavit or counter-statement of fact); *Levi Strauss*, 742 F.2d at 1404 (stating that mere assertions by counsel that a factual dispute exists are insufficient to avoid summary judgment); *Alde v. United States*, 28 Fed.Cl. 26, 33 (1993) (same).

Defendant is entitled to judgment as a matter of law with regard to plaintiff's contract claim. Plaintiff has offered no evidence, by affidavit or otherwise, to refute the affidavits submitted by defendant denying that plaintiff contracted with anyone in DEA having authority to contract. An agent of the United States cannot bind the Government absent actual authority to contract. *Allen v. United States*, 229 Ct.Cl. 515, 516, 1981 WL 22043 (1981).

The quantum meruit claim raised by plaintiff is beyond the jurisdiction of the court. Plaintiff cites *United States v. Amdahl Corp.*, 786 F.2d 387 (Fed.Cir.1986), in support of his assertion that a claim in quantum meruit is really a claim based on an implied-in-fact contract. The Court of Federal Claims recently distinguished *Amdahl* in *Mega Construction Co., Inc. v. United States*, 29 Fed.Cl. 396, 470–72 (1993). The court explained that the Federal Circuit's holding in *Amdahl* was based on that court's equitable powers as an Article III court. The Court of Federal Claims was created under Article I of the Constitution and has no equitable powers. *Id.* at 472. In addition, the court noted that the plaintiff in *Amdahl* had entered into an implied contract with a government agent who possessed actual authority to contract. *Id.* Plaintiff's reliance on *Amdahl* is therefore misplaced. Plaintiff's claim in quantum meruit is really a claim under a contract implied-in-law and the court lacks jurisdiction to consider it. *United States v. Mitchell*, 463 U.S. 206, 218, 103 S.Ct. 2961, 2968–69, 77 L.Ed.2d 580 (1983).

Plaintiff's claim that 28 U.S.C. § 524 is a money-mandating statute, however, presents significant issues that cannot be resolved in summary proceedings. Given the only marginally developed factual record, whether this statute mandates the payment of money to plaintiff is unclear. Several courts have held that the use of the word "may" or similar discretionary language in a statute indicates that the statute is discretionary. *See Huston v. United States*, 956 F.2d 259, 261 (Fed.Cir.1992) (holding that use of "may" in statute authorizing pay increases to Corps of Engineers employees was not money mandating); *Doe v. United States*, 650 F.2d 287 (Table), 224 Ct.Cl. 632 (1980) (holding that determinations regarding eligibility for participation in Witness Protection Program under 28 U.S.C. § 510 (1976), "are a completely discretionary function."); *Grundy v. United States*, 2 Cl.Ct. 596 (1983) (holding that "a participant in [the Witness Protection Program] has no right to receive any payment of money . . . .") Other decisions have held that such language can

also make a statute money-mandating. *See Allen*, 229 Ct.Cl. at 519–20 (interpreting statute providing that compensation "may be awarded" pursuant to 19 U.S.C. § 1619 (1976), for information leading to a forfeiture as money-mandating for purposes of Court of Claims jurisdiction); *Tyson v. United States*, 91 Ct.Cl. 139, 32 F.Supp. 135 (1940) (holding that section 619 of the Tariff Act of 1930 allowing for discretionary awards allowed an informer an absolute right to compensation once the requirements of the section were met); *Rickard v. United States*, 11 Cl.Ct. 874 (1987) (holding that court had jurisdiction over claim based on 19 U.S.C. § 1619 (1976), despite discretionary nature of statute's language).

The legislative history surrounding the creation of the Drug Assets Forfeiture Fund does not address specifically the discretionary nature of awards made from the Fund. Pub.L. No. 98–473, § 310. The House Report merely states that the fund "would be available, ... at the discretion of the Attorney General, for four specified purposes," including "payments for information or assistance relating to a drug investigation or leading to a forfeiture of drug assets...." H.Rep. No. 98–1030, 98th Cong., 2d Sess. 217, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3400.

Given the degree to which the underlying facts have been developed at this point, a holding in favor of defendant as a matter of law is not warranted. It is unclear why such a long period of time elapsed between the date on which plaintiff was informed he could pick up the check and when he actually attempted to pick up the check. It is also unclear why DEA withdrew the check once it was issued. Although defendant has alleged a reason for this withdrawal, nothing has

been submitted to support this allegation. These issues may provide insight into whether plaintiff became entitled to the check, whether the check could be withdrawn, and whether the withdrawal was proper. Defendant will bear a heavy burden at trial, however, in showing that issuance of the check in plaintiff's name and delivery of the check for plaintiff to pick up did not vest plaintiff's right to the check.

■■■ Generally, the court discerning a triable issue of fact in the pleadings submitted by the parties is enough to defeat summary judgment. Several disputed issues of fact in this case cannot be resolved in summary proceedings. In addition, the state of the law on this subject is by no means clear. No court has ruled specifically that 28 U.S.C. § 524 is a money-mandating statute. Rulings on similar statutes are inconsistent and do not provide clear guidance on how this dispute should be resolved.

Based on the foregoing,

**IT IS ORDERED,** as follows:

1. Defendant's motion for partial summary judgment is granted with respect to plaintiff's contract claim and its motion to dismiss is granted as to plaintiff's quantum meruit claim. The motion to dismiss is denied as to plaintiff's claim under 28 U.S.C. § 524.

2. Defendant shall answer the complaint within the time provided for by rule.