**Jerry Lee HOCH, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 93–553C.

United States Court of Federal Claims.

March 27, 1995.

C. David Tangora, Ft. Lauderdale, FL, for plaintiff.

John C. Erickson, III, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, for defendant. Vicki Curcio, Office of Gen. Counsel Assets Forfeiture Section, Drug Enforcement Admin., of counsel.

### *ORDER*

MILLER, Judge.

This matter is before the court on defendant's motion to dismiss for lack of jurisdiction pursuant to RCFC 12(b)(1). Defendant asked for summary judgment in the alternative, and plaintiff cross-moved for summary judgment. The issue is whether 28 U.S.C. § 524(c) (1988 & Supp. V 1993), mandates the payment of awards to informants, thereby allowing the court to exercise jurisdiction over plaintiff's action for compensation. Argument is deemed unnecessary.

### FACTS

The following facts, undisputed except where noted, replicate some of the background set forth in an earlier order issued in

this case denying, in part, defendant's motion to dismiss on jurisdictional grounds, *Hoch v. United States*, 31 Fed.Cl. 111 (1994). Jerry Lee Hoch ("plaintiff") became a confidential informant for the United States Drug Enforcement Administration ("DEA") in late 1985 or early 1986.[1] Plaintiff worked primarily with DEA's Miami Division Office; however, sometime prior to July 27, 1991, plaintiff also assisted DEA's Newark Division Office by facilitating an illegal drug transaction involving Keith Mantell. As a result of the transaction, Mr. Mantell was convicted, and DEA seized real and personal property worth approximately $1 million. Thereafter, a DEA agent advised plaintiff that he would receive an informant award under the Department of Justice Assets Forfeiture Fund established under 28 U.S.C. § 524(c) (1988 & Supp. V 1993).

The Attorney General has authorized DEA's Deputy Assistant Administrator for Operations to exercise discretion in paying informant awards from the Assets Forfeiture Fund. No written guidelines instruct the Deputy Assistant Administrator for Operations when it is proper to confer informant awards; rather, unwritten agency practice governs this decisionmaking process. Specifically, the Special Agent in Charge at the relevant Field Division Office submits an award request and a written recommendation justifying the request. The Deputy Assistant Administrator for Operations relies upon the written recommendation and determines whether to authorize or deny payment of an award without investigation. If the Deputy Assistant Administrator for Operations approves an award, DEA headquarters issues a check to the appropriate Field Division Office.[2] Informants must receive payment in person, with two DEA agents present.

In this case, after DEA seized Mr. Mantell's property, Special Agent in Charge at DEA's Newark Division Office, Donald L. Ashton, contacted DEA's Deputy Assistant Administrator for Operations, Ronald J. Caffrey. Pursuant to 28 U.S.C. § 524(c)(1)(B), Mr. Ashton recommended that plaintiff receive a $50,000.00 award from the Assets Forfeiture Fund. Following agency practice, Mr. Caffrey relied on Mr. Ashton's written recommendation and exercised his discretion by approving the award. DEA headquarters issued a check in the amount of $50,000.00 on April 3, 1992, and forwarded the check to the Newark Division Office on April 9, 1992. A DEA agent subsequently informed plaintiff that a check was available in the Newark Division Office, but plaintiff did not attempt to pick up the check.[3]

During the period in which DEA headquarters was processing plaintiff's award, Group Supervisor of DEA's Miami Division Office, George Papantoniou, learned that, during March 1992, plaintiff had engaged in suspicious activity. Mr. Papantoniou investigated and, on or about April 8, 1992, concluded that plaintiff intended to sell the drug ephedrine unlawfully. Based on this information, Mr. Papantoniou and agents in DEA's Miami Division Office determined that plaintiff had breached a duty of trust. Therefore, DEA's Miami Division Office deactivated plaintiff and contacted Mr. Ashton to recommend that DEA withhold plaintiff's pending award.[4]

---

1. Although plaintiff filed a Statement of Genuine Issues, the facts set forth in that document do not meet the allegations contained in Defendant's Proposed Findings of Uncontroverted Fact. It is therefore unclear which facts plaintiff disputes. For example, Defendant's Proposed Findings of Uncontroverted Fact, No. 4, filed Dec. 9, 1994, claims that plaintiff became a confidential informant in October 1985. Plaintiff does not dispute this allegation specifically, but asserts in his Statement of Genuine Issues, ¶ 1, filed Feb. 16, 1995, that he served as a confidential informant from 1986–1992.

2. DEA headquarters may also pay awards in cash; in such cases DEA headquarters issues an authorization number.

3. Plaintiff contends that he could not collect the check at that time because, due to the dangerous nature of his work, he relocated his family to Israel to protect them. Plaintiff also claims that DEA agents knew he had gone to Israel to avoid danger.

4. Plaintiff emphasizes that he was neither charged with any unlawful activity, nor blackballed by DEA's Miami Division Office. Additionally, plaintiff contends that one reason DEA's Miami Division Office deactivated him was because he was in Israel and could not supply any information. Plaintiff also asserts that Mr. Papantoniou recommended that DEA withhold the award because Mr. Papantoniou harbored a personal grudge against plaintiff. While these facts

On May 28, 1992, Mr. Ashton returned plaintiff's uncollected check to the new Deputy Assistant Administrator for Operations, Harold D. Wankel. Mr. Ashton explained the recent developments and withdrew the earlier request for award. Mr. Wankel, who had never heard of an instance wherein DEA had withheld an approved check that had not been collected, consulted DEA's Office of Chief Counsel to ascertain the legality of such action. DEA's Office of Chief Counsel responded that DEA procedures and guidelines specifically did not address this question, but "advised ... [Mr. Wankel] that the discretion provided by section 524 permitted the DEA not to confer an award under th[ose] circumstances...." Declaration of Harold D. Wankel, Dec. 1, 1994, ¶ 17. Mr. Wankel further noted that DEA policy prohibits use of confidential informants who are currently engaged in criminal activity. Moreover, DEA policy permits agents in DEA's Field Division Offices to decide case-by-case "[w]hether a ... [confidential informant] has engaged in suspect activity sufficient to warrant deactivation on that basis." Def's Prop. Findings of Uncontroverted Fact No. 42, filed Dec. 9, 1994. Relying on conclusions and recommendations from agents in DEA's Miami and Newark Division Offices, Mr. Wankel withheld plaintiff's award.

Plaintiff filed an amended complaint[5] in the United States Court of Federal Claims on October 7, 1993, claiming $50,000.00 in damages based on three counts: 1) breach of contract; 2) violation of 28 U.S.C. § 524; and 3) quantum meruit.[6] On April 28, 1994, this court granted defendant's motion to dismiss plaintiff's quantum meruit claim and granted summary judgment as to the breach of contract claim. *Hoch,* 31 Fed.Cl. 111. This court, however, denied defendant's motion to dismiss plaintiff's claim under 28 U.S.C. § 524. In view of the binding precedent that

did not support defendant's position, the court ordered the record to be developed.

Defendant has again moved to dismiss for lack of jurisdiction, arguing that section 524(c) is not money-mandating and that therefore jurisdiction is lacking to consider plaintiff's claim. The gravamen of defendant's summary judgment motion is that the undisputed facts demonstrate that DEA exercised its discretion properly when it decided to withhold plaintiff's award. Plaintiff has cross-moved for summary judgment. Citing *Tyson v. United States,* 91 Ct.Cl. 139, 32 F.Supp. 135 (1940), and its progeny, plaintiff argues that language of section 524(c) mandates payment in this circumstance, where the proper delegate exercised discretion, and DEA issued a check.

## DISCUSSION

### 1. *Motion to dismiss*

When evaluating a motion to dismiss for subject matter jurisdiction pursuant to RCFC 12(b)(1), the allegations of the complaint should be construed favorably to the pleader, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), to the end that the court must accept as true the facts alleged in the complaint. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). In *W.R. Cooper General Contractor, Inc. v. United States,* 843 F.2d 1362, 1364 (Fed.Cir.1988), the court stated: "In cases such as this in which a party has moved to dismiss for lack of jurisdiction, we must consider the facts alleged in the complaint to be correct. If these facts reveal any possible basis on which the non-movant might prevail, the motion must be denied." (Citing *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686; additional citations omitted.) However, the burden is on plaintiff to establish jurisdiction. *Reynolds,* 846 F.2d at 748 (citing cases).

---

are not material to the present issue, the court recognizes that plaintiff takes these positions.

**5.** Plaintiff originally filed suit in Florida Circuit Court on September 30, 1992. The case was removed to the United States District Court for the Southern District of Florida on October 23, 1992. On June 15, 1992, the case was trans-

ferred to the United States Court of Federal Claims.

**6.** Defendant moved for partial summary judgment with regard to the breach of contract claim and to dismiss for lack of subject matter jurisdiction the claims for violation of 28 U.S.C. § 524 and for quantum meruit.

■ In considering a motion to dismiss pursuant to RCFC 12(b)(1), the court may evaluate affidavits or other relevant evidence submitted by the parties whenever the truth of a jurisdictional fact is questioned. *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947). The case law governing affidavits submitted on a motion for summary judgment becomes pertinent. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed.Cir.1991) (citing *Reynolds*, 846 F.2d at 747).

### 2. Jurisdiction

■ As true of any federal court, the jurisdiction of the Court of Federal Claims is defined by statute. Plaintiff may not proceed to the merits unless his claim is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (Supp. V 1993). In this action plaintiff claims a substantive right to compensation pursuant to a statutory provision—28 U.S.C. § 524(c) (1988 & Supp. V 1993). Plaintiff contends that section 524(c), which establishes an assets forfeiture fund and authorizes payment of confidential informant awards, is money-mandating and, thus, invokes this court's jurisdiction. *See United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976).

The issue is whether 28 U.S.C. § 524(c), which contains discretionary language, is money-mandating, or whether discretionary language renders section 524(c) wholly discretionary and not money-mandating, thereby precluding the exercise of jurisdiction. Section 524(c) provides, in pertinent part:

> (1) There is established in the United States Treasury a special fund to be known as the Department of Justice Assets Forfeiture Fund (hereafter in this subsection referred to as the "Fund") which shall be available to the Attorney General without fiscal year limitation for the following law enforcement purposes—

> . . . .

> (B) the payment of awards for information or assistance directly relating to violations of the criminal drug laws of the United States . . .;

> (C) *at the discretion of the Attorney General,* the payment of awards for information or assistance leading to a civil or criminal forfeiture involving any Federal agency participating in the Fund;

> . . . .

> (2) Any award paid from the Fund for information, as provided in paragraph (1)(B) or (C), *shall be paid at the discretion of the Attorney General or his delegate, under existing departmental delegation policies for the payment of awards,* except that the authority to pay an award of $250,000 or more shall not be delegated to any person other than the Deputy Attorney General, the Associate Attorney General, . . . or the Administrator of the Drug Enforcement Administration. Any award for information pursuant to paragraph (1)(B) shall not exceed $250,000. Any award for information pursuant to paragraph (1)(C) shall not exceed the lesser of $250,000 or one-fourth of the amount realized by the United States from the property forfeited.

(Emphasis added.)

Resolution of this threshold issue is complicated by the fact that no court has ruled on whether section 524(c) is discretionary. Moreover, the precedential decisions construing similar statutes reposing a measure of discretion in the decisionmaker are inconsistent. The latter difficulty motivated the court's prior ruling denying defendant's motion to dismiss. *See Hoch*, 31 Fed.Cl. at 114–15.

■ A statute is money-mandating when the language and effect of the statute are mandatory. *See Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967) (ruling that the Court of Claims may exercise jurisdiction in cases where the statute "can fairly be interpreted as mandating compensation"). When the plain language of a statute is discretionary, courts have held that the statute is not money-mandating. *See Huston v. United States,*

956 F.2d 259, 261 (Fed.Cir.1992) (holding that use of "may" in statute authorizing pay increases to Corps of Engineers employees was not money-mandating); *Allen v. United States*, 229 Ct.Cl. 515, 518, 1981 WL 22043 (1981) (holding that language of 21 U.S.C. § 886(a) (1976) "plainly places the payment ... entirely within the discretion of the Attorney General"). Discretionary language generally signals that Congress has not created a substantive right to compensation. Nevertheless, some courts have held that statutes containing discretionary language are money-mandating in certain circumstances. *See Allen*, 229 Ct.Cl. at 519 (holding that 19 U.S.C. § 1619 (1976), was money-mandating); *Tyson v. United States*, 91 Ct. Cl. 139, 141–42, 32 F.Supp. 135, 136 (1940) (concluding that section 619 of Tariff Act of 1930 conferred absolute right to compensation on informants who met specified statutory requirements); *Rickard v. United States*, 11 Cl.Ct. 874, 878 (1987) (ruling that 19 U.S.C. § 1619 was money-mandating, despite discretionary language of statute).

Analysis of *Tyson* and its progeny reveals two characteristics of discretionary language statutes that are money-mandating. First, such statutes enumerate specific requirements that must be fulfilled before an informant acquires an absolute right to compensation. For example, in *Tyson* the Court of Claims held that section 619 of the Tariff Act of 1930 [7] required payment once the Secretary of Treasury determined that an informant, who could not be an officer of the United States, had furnished original information. Additionally, the Secretary was required to determine that the information concerned an actual or contemplated fraud or violation of customs or navigation laws and that the information had led to a recovery of duties or fines, or a penalty or forfeiture.[8]

The Court of Claims could review the Secretary's findings, but informants who did not meet the specified statutory criteria, such as an informant who failed to provide original information, had no right to an award under these statutes. *See, e.g., Lacy v. United States*, 221 Ct.Cl. 526, 530, 607 F.2d 951, 953–54 (1979) (rejecting informant's claim under 19 U.S.C. § 1619, because informant did not furnish original information); *Rickard*, 11 Cl. Ct. at 878–79 (denying plaintiff's summary judgment motion because it was unclear whether plaintiff had met the specified conditions of 19 U.S.C. § 1619).

*Allen* illustrates this distinction between discretionary statutes and money-mandating statutes that use discretionary language. In *Allen* plaintiff sued under two statutes. The Court of Claims adjudicated a claim based on 19 U.S.C. § 1619, the successor statute to that in *Tyson*, which enumerated specific requirements, including an original information requirement, and commanded payment when an informant satisfied those requirements. The pertinent statutory language of section 619 and 1619 is identical. However, the court dismissed for lack of jurisdiction the claim based on 21 U.S.C. § 886(a), which provided: "The Attorney General is authorized to pay any person, from funds appropriated for the Drug Enforcement Administration, for information concerning a violation of this subchapter, such sum or sums of money as he may deem appropriate...." The court reasoned that "section [886(a)] plainly places the payment of any sum entirely within the discretion of the Attorney General (or his designees)...." 229 Ct.Cl. at 518. Unlike section 1619, section 886(a) did not specify requirements. For example, under section 886(a) any person could qualify by providing any information, not just original information. Under no circumstances did section

---

**7.** Section 619 of the Tariff Act of 1930, ch. 497, § 619, 46 Stat. 758 (1930), *amended by* ch. 438, § 305, 49 Stat. 527 (1935) (current version at 19 U.S.C. § 1619(a) (1988)), provided, in part:

Any person not an officer of the United States ... who furnishes to a district attorney, to the Secretary of the Treasury, or to any customs officer original information concerning any fraud upon the customs revenue, or a violation of the customs law or the navigation laws, perpetrated or contemplated, which ...

information leads to a recovery of any duties withheld, or of any fine, penalty, or forfeiture incurred, *may be awarded and paid by the Secretary of the Treasury* a compensation of 25 per centum of the net amount recovered, but not to exceed $50,000 in any case.
(Emphasis added.)

**8.** The "essentially similar" successor statute, 19 U.S.C. § 1619, required the same findings. *Allen*, 229 Ct.Cl. at 519.

886(a) command payment; the statute was therefore discretionary, not money-mandating.

The *Tyson* line of cases reveals a second characteristic of discretionary language statutes that have been held to be money-mandating: The statutes in those cases state a sum certain. *See* 19 U.S.C. § 1619 (providing that the Secretary of Treasury may pay "compensation of 25 per centum of the net amount recovered, but not to exceed $50,000 in any case"); *see also Tyson*, 91 Ct.Cl. at 141, 32 F.Supp. at 136 ("The Act says that a person ... [meeting the statutory requirements] 'may be awarded and paid by the Secretary of the Treasury' *a fixed compensation....*") (emphasis added).

*Doe v. United States*, 32 Fed.Cl. 472 (1994), illustrates the significance of the sum-certain requirement in statutes that contain discretionary language. *Doe* involved a modified version of 19 U.S.C. § 1619(a), which provides that "the Secretary may award and pay ... [an informant who meets certain requirements] an amount that does not exceed 25 percent of the net amount so recovered." The court determined that, unlike earlier versions of that statute addressed in *Tyson* and *Allen*, the modified version is not money-mandating: "Under ... [the modified version], the Secretary of Treasury would appear to have the discretion to award any amount from zero to twenty-five percent of the forfeiture. Such permissive language would seem inconsistent with a legally enforceable right to a sum certain of money...." *Doe*, 32 Fed.Cl. at 474. *Doe* illustrates that when a statute uses discretionary language, but does not stipulate a sum certain, the statute is not money-mandating. *See Allen*, 229 Ct.Cl. at 518 (dismissing on jurisdictional grounds claim under 21 U.S.C. § 886(a), which authorized Attorney General to pay informants "*such sum or sums of money as he may deem appropriate*") (emphasis added) (quoting 21 U.S.C. § 886(a)); *cf. Tyson*, 91 Ct.Cl. at 143, 32 F.Supp. at 137 ("The Act reads: 'Any person not an officer of the United States' who does certain things 'may be awarded and paid by the Secretary of the Treasury' *a fixed compensation.*") (emphasis added). *But see Lewis v. United States*, 32 Fed.Cl. 59, 64 (1994) (holding that same statute construed in *Doe* is money-mandating).

Upon further reflection, study of the cases, and scrutiny of the record, the court concludes that the plain language of section 524(c) is discretionary. Section 524(c)(1)(C) authorizes award payments "at the discretion of the Attorney General," and section 524(c)(2) provides that informant awards "shall be paid at the discretion of the Attorney General or his delegate, under existing departmental delegation policies for the payment of awards." As *Tyson* and the cases following it instruct, this discretionary language, standing alone, does not mean that section 524(c) is not money-mandating. Further analysis, however, reveals that section 524(c) does not possess the two characteristics found in 19 U.S.C. § 1619 and section 619 of the Tariff Act of 1930, discretionary language statutes that are money-mandating.

The statutes in *Tyson*, *Allen*, and *Rickard* enumerated specific statutory conditions and required payment when an informant had satisfied those conditions. Section 524(c), however, does not enumerate specific statutory requirements and therefore does not have the first characteristic of discretionary language statutes that are money-mandating. Under section 524(c) the Attorney General or her delegate is authorized to award any informant who meets general requirements: An informant can be any person who provides any assistance or information, original or otherwise. *Cf.* 19 U.S.C. § 1619 (requiring only original information); *Tyson*, 91 Ct. Cl. at 141, 32 F.Supp. at 136 (construing section 619 of Tariff Act of 1930 to require only original information).

Additionally, unlike the statutes in the *Tyson* line of cases, section 524(c) does not stipulate a sum certain and therefore does not share the second feature of discretionary language statutes that are money-mandating. When an informant provides information or assistance under section 524(c)(1)(B), the Attorney General or her delegate has discretion to award any amount between $0.00 and $250,000.00. 28 U.S.C. § 524(c)(2). Similarly, when an informant provides information or assistance under section 524(c)(1)(C), the

Attorney General or her delegate has discretion to award any amount between $0.00 and $250,000.00, or between zero and 25 percent of the amount realized from the property forfeited, whichever is less. *Id.* Neither section 524(c)(1)(B) nor section 524(c)(1)(C) requires payment of any particular sum; instead, the statute leaves the amount of the award to the discretion of the Attorney General or her delegate. As the *Doe* court stated: "Such discretion is incompatible with a necessary predicate to this suit, namely, the proposition that the . . . statute mandates the payment of money. . . . Courts lack the necessary tools for evaluating the . . . [executive official's] exercise of discretion in this context. . . ." *Doe*, 32 Fed.Cl. at 474.

Given these distinctions, *Tyson, Allen,* and *Rickard* are not controlling with respect to section 524(c). The language of section 524(c) is discretionary, and the statute neither enumerates any specific requirements nor stipulates a sum certain. Section 524(c) is therefore not a money-mandating statute. It is more analogous to 21 U.S.C. § 886(a), which the Court of Claims in *Allen* held was not money-mandating, than it is to section 1619 or section 619 of the Tariff Act of 1930. Like section 886(a), section 524(c) does not command payment in any circumstance and "plainly places the payment of any sum entirely within the discretion of the Attorney General (or [his] designees). . . ." 229 Ct.Cl. at 518.

The amplification of the record supports this conclusion. The facts show that the entire decisionmaking process at DEA is discretionary. DEA has general administrative procedures and guidelines, but these administrative procedures and guidelines do not specifically instruct the Deputy Assistant Administrator for Operations when to pay or withhold informant awards. Similarly, no written procedures govern situations wherein DEA withholds an approved check that has not been collected. Moreover, when deactivating suspicious informants, agents in DEA's Field Division Offices do not follow written procedures; DEA policy allows

agents to determine, based on the facts of each situation, whether a confidential informant "has engaged in suspect activity sufficient to warrant deactivation on that basis." Def's Prop. Findings of Uncontroverted Fact No. 42, filed Dec. 9, 1994. This wholly discretionary decisionmaking process is consistent with a wholly discretionary statute.

In this case Deputy Assistant Administrator for Operations Wankel relied on the judgment and recommendation of DEA agents at the Miami and Newark Division Offices, who employed and supervised plaintiff for several years, and who ultimately determined that plaintiff breached a duty of trust. Using that information, Mr. Wankel exercised discretion to withhold plaintiff's award. This court may not evaluate such discretionary decisions and consequently cannot reach plaintiff's substantive arguments pressed under 28 U.S.C. § 524(c).[9]

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss is granted and plaintiff's cross-motion for summary judgment is denied. The Clerk of the Court shall enter judgment dismissing the complaint without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

No costs.

---

9. Specifically, plaintiff maintains that his right to the award vested when DEA issued the check; furthermore, plaintiff claims that DEA's cancellation of the check without notice was an improper

taking of property without just compensation. These questions are beyond the jurisdiction of the Court of Federal Claims.