**CHATFIELD CENTRE CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation, Plaintiff,**

v.

**UNITED STATES of America, Phillip S. May, and Frances E. May, Defendants.**

**Civil Action No. 96–K–1318.**

United States District Court, D. Colorado.

Aug. 26, 1996.

Ernest F. Fazekas, Susan B. Shoemaker, Folkestad, Kokish & Fazekas, P.C., Castle Rock, CO, for plaintiff.

Robert E. Mydans, Charlotte J. Mapes, Assistant U.S. Attorneys, Denver, CO, Brenda Grantland, Mill Valley, CA, Leonard Berenato, Turner and Meiklejohn, P.C., Denver, CO, for defendants.

MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Chatfield Centre I is a commercial/industrial condominium situated in Douglas County, Colorado, composed of twelve fee simple estates consisting of twelve separately designated units numbered 1 through 12. Plain-

tiff Chatfield Centre Condominium Association, Inc. is responsible for the management and control of the common elements in the condominium and improvements thereon. The owners of individual units are obligated to pay assessments for the maintenance, operation and management of the condominium property. The assessments are due in monthly installments. In addition, special assessments for capital improvements are also payable by the owners. Unpaid assessments become a lien against the unit.

Defendant United States of America is record owner of a fee simple interest in Units 9 and 10 ("Units") pursuant to a final order of forfeiture recorded on September 19, 1994 in the office of the Clerk and Recorder of Douglas County, Colorado. Defendants Phillip S. May and Frances P. May are the former owners who forfeited the Units to the United States.

On May 3, 1996, Plaintiff filed this action in the District Court of Douglas County. *Inter alia,* Plaintiff seeks judgment against the United States in the amount of $15,738.00 for unpaid assessments through April 30, 1996, late fees against the Units together with any additional unpaid assessments and late fees accruing after April 30, 1996, foreclosure of its lien, sale of the Units and application of the proceeds to its judgment.

On June 4, 1996, the United States removed this action to this court. Simultaneously, it asked for an extension of time to July 15, 1996 within which to respond to the complaint. The request was granted.

On July 11, 1996, the United States filed an *ex parte* motion for extension of time requesting a twenty day extension to August 5, 1996 to respond to the complaint, stating: "No other extension of time have [sic] been requested in this action." (United States' Ex Parte Mot. Extension Time Pursuant D.C.Colo.LR 7.1 ¶ 3.) The motion was granted.

On August 5, 1996, the United States filed a Motion to Stay Proceedings. It requests a stay on the grounds that, in the related case of *United States v. 9844 South Titan Court,* 92–K–1365, a second petition for rehearing is pending in the Tenth Circuit following the reversal and remand by that court of the judgment of this court in favor of the United States forfeiting the Units to the United States.

The United States asserts ownership of the Units is still at issue and the subject action for foreclosure should be stayed until ownership be determined to be in the United States or Phillip or Frances May in 92–K–1365. It cites no authority in this regard.

Plaintiff opposes the motion for a stay on the grounds that the issue in the case is not who owns the Units but rather are the amounts sought to be recovered due and owing and have they been paid. If they are due and owing and are unpaid, Plaintiff asserts it is entitled to payment. It notes a stay could last for a year or more causing continued harm to Plaintiff which must incur regular expenses to benefit the Units.

Defendants Phillip and Frances May also oppose the government's motion, asserting that, as the record title owner of the Units, the United States owes the outstanding condominium fees. The Mays assert their counsel has proposed a settlement to Plaintiff and the government that this case be stayed pending the final disposition of the forfeiture case on the condition that the Units be rented out and the rental income be paid to the Plaintiff until the condominium fees are brought current. Thereafter, the rental income would be deposited in an interest bearing account and used to pay condominium fees and expenses of maintaining the property and the balance would be distributed according to the order of the court when the forfeiture case is finally decided. Although Plaintiff apparently agreed to this proposal, the government did not.

The Mays maintain that under the statute establishing the Asset Forfeiture Fund, 28 U.S.C. § 524(c)(1), I should order the government to pay the condominium fees out of the fund or comply with the above proposal.

*Discussion.*

The United States is engaging in ongoing delaying tactics. As the current recorded owner of the Units, it is under an obligation to pay the fees sought by Plaintiff condomini-

um association, absent any authority relieving it of such duty.

The United States has not answered the complaint. Therefore, it is unclear what defense, if any, it has to the seemingly legitimate claim of the Plaintiff for monies due and owing. Plaintiff has already suffered due to the fact that the fees and expenses remain unpaid. It should not, absent a valid defense on the part of the government, be required to wait until the outcome of the related forfeiture action to recover monies due to it.

Therefore, I deny the motion for a stay. The United States is deemed to have denied the allegations in the complaint in this action. Further discovery is not necessary. The case is set for trial to court beginning at 9:00 a.m. on September 26, 1996 in Courtroom C–401. A trial preparation conference is set at 8:30 a.m. on September 16, 1996 in Courtroom C–401. Counsel are to have a copy of the exhibits for the Court, an exhibit list and a witness list for this conference. Counsel are advised that the provisions of 28 U.S.C. § 1927 will be applied as deemed appropriate at trial.[1]

---

1. I find no authority enabling me to compel the government to pay a sum out of its Asset Forfeiture Fund. The recent case of *Hoch v. United States,* 33 Fed.Cl. 39, 42–43 (Fed.Cl.1995) relied on the premise that payments from the fund are within the discretion of the Attorney General or her delegate.