**Dick TRACY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 01–541C.**

United States Court of Federal Claims.

March 21, 2003.

Peter John Porrata, San Juan, Puerto Rico, for the plaintiff.

Patricia M. McCarthy, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, with whom on the brief were, Robert D. McCallum, Jr., Assistant Attorney General, and David M. Cohen, Director. Douglas A. Kash, Drug Enforcement Administration, Washington, DC, of counsel.

## OPINION

MARGOLIS, Senior Judge.

This contract action is before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff, a former United States Drug Enforcement Administration ("DEA") informant, claims that he was promised by the government, in return for the information he provided, a certain percentage of the value of any property seized as a result of that information. He asserts that he is entitled to relief because the government failed to compensate him as promised. Defendant denies that the United States entered into any contractual agreement with plaintiff in which it agreed to give monetary compensation in return for his information. After consideration of the parties' written and oral arguments, defendant's motion for summary judgment is GRANTED.

## FACTS

On July 22, 1996, the Puerto Rico Department of Justice, Special Investigations Bureau ("NIE") arrested plaintiff—who is using the fictitious name "Dick Tracy" in order to

protect his identity—for his alleged involvement in a drug trafficking transaction. At the time of his arrest, plaintiff was reportedly holding a substantial amount of cocaine and firearms, and he was, therefore, charged with drug trafficking and firearms offenses. Plaintiff subsequently agreed to cooperate with Puerto Rican judicial authorities and their investigators in exchange for a dismissal of his pending criminal charges.

Several months later, plaintiff agreed to cooperate with the DEA, and was therefore processed as a DEA confidential source by NIE Special Agent Edwin Gonzalez, who was a deputized task force officer with the DEA. Plaintiff claims that the agreement with the DEA was independent of his earlier agreement to cooperate with NIE, and that his cooperation with the DEA had nothing to do with the dismissal of his criminal charges. Instead, he maintains that he agreed to provide information to the DEA only after Gonzalez promised that plaintiff would receive a percentage of the value of any property that was seized due to information that he provided. Plaintiff also claims that this oral agreement was later verbally ratified by several DEA officers, including Jesus Marrero, Edwin Gonzalez, James V. Clifford, Ivan Rios, Dirk Lamagno, and by U.S. Attorney Guillermo Gil.

Defendant, however, asserts that plaintiff's cooperation with the DEA was a part of the original agreement into which plaintiff had entered with NIE. According to the defendant, although at some point Special Agent Gonzalez did tell plaintiff that an award may be possible if the United States seized property from a target of the investigation, at no point did he promise such a payment, and he specified that no such payment could be made without authorization from the appropriate supervisors. In addition, defendant maintains that U.S. Attorney Guillermo Gil believes that the agreement to cooperate with the DEA was in return for the dismissal of the criminal charges and that he has no knowledge of any offer of payment or award to plaintiff. Furthermore, defendant argues that none of the people with whom the plaintiff claims to have contracted had either actual or implied authority to contract on behalf of the government.

In June 2000, plaintiff brought action in the United States District Court for the District of Puerto Rico, claiming that the DEA owed him money in return for the information that he provided. The district court dismissed his claim for lack of jurisdiction, refusing to transfer it to this Court. *Dick Tracy v. United States,* No. 00–1754(HL) (D.P.R. Oct. 30, 2000). Plaintiff then brought action in this Court seeking to enforce the compensation promises allegedly made to him. He asserts that, by refusing to compensate him, defendant is in breach of a verbal contract in which defendant allegedly agreed to give him a percentage of the value of the seized property as consideration for his information and that defendant is therefore violating 28 U.S.C. § 524(c)(1)(B) and (C). Defendant filed a motion for summary judgment maintaining that defendant is entitled to judgment as a matter of law because the individuals who plaintiff claims entered into the contract with him on behalf of defendant deny that they entered into such an agreement and, in any event, did not possess authority to enter into contracts on behalf of the United States.

### DISCUSSION

The government moves for summary judgment, claiming that there are no genuine issues of material fact in dispute and that, therefore, defendant is entitled to judgment as a matter of law. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." RCFC 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A material fact is one that will affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant for summary judgment bears the burden of demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct.

2548. "In reaching summary judgment, the trial court must construe facts and resolve inferences in the light most favorable to the non-movant." *Godley v. United States,* 5 F.3d 1473, 1474 (Fed.Cir.1993).

## I. *The DEA agents with whom plaintiff spoke lacked authority to contract on behalf of the United States.*

Plaintiff bases his claim on the existence of a contract between himself and the United States. He argues that several DEA agents, who were contracting on behalf of the government, verbally promised him that he would be compensated monetarily for the information that he provided. In addition, he maintains that this agreement was later ratified by the U.S. Attorney for the District of Puerto Rico. Plaintiff acknowledges that there was no written contract; he is alleging that the verbal assurances by each of these individuals were sufficient to bind the government. Defendant, however, has submitted declarations made by all of the government officials cited by the plaintiff, each denying that they entered into such a contract. Even if they had, however, the government argues that none of the government representatives with whom plaintiff claims to have contracted had the requisite authority to enter into contracts on behalf of the government.

■ "To establish a valid contract with the United States, a plaintiff much demonstrate: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) that the [g]overnment representative whose conduct is relied upon had *actual authority* to bind the [g]overnment in contract." *Humlen v. United States,* 49 Fed.Cl. 497, 503 (2001) (internal quotations omitted); *see also Total Med. Mgmt., Inc. v. United States,* 104 F.3d 1314, 1319 (Fed.Cir.1997), *cert. denied,* 522 U.S. 857, 118 S.Ct. 156, 139 L.Ed.2d 101 (1997); *City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir.1990), *cert. denied,* 501 U.S. 1230, 111 S.Ct. 2851, 115 L.Ed.2d 1019 (1991). The government asserts that the plaintiff has not demonstrated that any of the required elements of a valid contract were present. In determining whether such a contract existed, the Court will focus on whether the plaintiff has demonstrated that any of the government representatives identified by the plaintiff had the requisite authority to bind the United States.

For a valid contract to have been formed, plaintiff must have relied upon the conduct of a government agent who had actual authority to bind the government; the government "cannot be bound by the apparent authority of its agents." *Humlen v. United States,* 49 Fed.Cl. at 503; *see also City of El Centro,* 922 F.2d at 820. Therefore, even if a government employee purports to have authority to bind the government, the government will not be bound unless the employee actually has that authority. *Humlen,* 49 Fed.Cl. at 503 (citing *Fed. Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10 (1947)). It is plaintiff's responsibility, as the party asserting the existence of a contract with the United States, to prove that the person with whom he contracted had the requisite authority to contract on behalf of the United States. *City of El Centro v. United States,* 922 F.2d at 820–21. Plaintiff acknowledged in the hearing that occurred on February 20, 2003, that the DEA agents lack the authority to enter into this agreement. But since plaintiff indicated previously that he believed that the DEA agents entered into the contract, the Court will examine whether they had authority to bind the government in such a contract. Amend. Comp. ¶ 7; Tr. 16.

■ The Court will first examine whether any of the aforementioned individuals had express authority to contract on behalf of the government. "A government agent possesses express actual authority to bind the government in contract only when the Constitution, a statute, or a regulation grants it to that agent in unambiguous terms." *McAfee v. United States,* 46 Fed.Cl. 428, 435 (2000); *see also Roy v. United States,* 38 Fed.Cl. 184, 188 (1997). Plaintiff cites only 28 U.S.C. § 524(c), and, although it is not entirely clear, the Court interprets his argument to be that section 524(c) served to grant the DEA agents the authority to contract with him regarding compensation for his assis-

tance.[1] Section 524 authorizes the Attorney General and his delegees, at their discretion, to make "payment of awards for information or assistance leading to a civil or criminal forfeiture involving" certain federal agencies. 28 U.S.C. § 524(c)(1)(C); *see also Khairallah v. United States*, 43 Fed.Cl. 57 (1999). The Attorney General, however, has delegated that authority only to the Administrator of the DEA and the Deputy Assistant Administrator for Operations. *See* 28 C.F.R. § 0.101(d); U.S.Dep't of Justice, DEA, Agents Manual § 6612.44(B)(4); *see also Khairallah*, 43 Fed.Cl. at 62, 65 n. 16. None of the DEA agents with whom plaintiff claims to have spoken about compensation for his information served as the Attorney General, the Administrator of the DEA, or the Deputy Assistant Administrator for Operations during the applicable time period. Therefore, none of them had the express authority to enter into such a contract on behalf of the United States based on 28 U.S.C. § 524.

Plaintiff has not identified any other statute or regulation that would expressly grant the DEA agents the authority to enter into contracts. Defendant has, however, pointed to several regulations that specify that in order for the DEA agents to have contracting authority on behalf of the DEA, such authority must be specifically delegated to them in writing. 48 C.F.R. §§ 1.601, 1.602.1. According to the declaration of Christinia Sisk, Deputy Assistant Administrator for the Office of Acquisition Management, DEA, who supervises all contract and small purchase activities within the DEA, none of the DEA agents referenced by plaintiff had contracting authority during the relevant time period. Plaintiff has not produced any evidence to the contrary. Therefore, the Court finds that the DEA agents in question did not possess express authority to bind the government in contract.

■ Under certain circumstances, however, the requirement that the government representative that entered into the contract has actual authority to contract on behalf of the United States can sometimes be satisfied even where the representative is found not to have express authority. Implied actual authority can bind the government, and it is "generally implied when such authority is considered to be an integral part of the duties assigned to a government employee." *H. Landau & Co. v. United States*, 886 F.2d 322, 324 (Fed.Cir.1989) (internal quotations omitted).

■ This Court has addressed the issue of whether a DEA agent has the implied actual authority to contractually bind the government to make such payments to informants several times. *Doe v. United States*, 48 Fed.Cl. 495 (2000); *Khairallah*, 43 Fed. Cl. at 63–64; *Cruz–Pagan v. United States*, 35 Fed.Cl. 59 (1996). In *Cruz–Pagan*, the Court explained that DEA agents do not have such authority because it is not considered to be an integral part of the duties assigned to DEA agents, and therefore, DEA agents do not meet the test set forth in *H. Landau*. *Cruz–Pagan*, 35 Fed.Cl. at 61–62. Alternatively, the Court held that DEA agents could not have implied actual authority because DEA's "internal regulations specifically preclude [them] from exercising such authority." *Id.* at 62–63 (explaining that section 6612.45 of the DEA Agent's Manual controls the manner in which such awards may be approved, the persons who are permitted to approve such awards, and expressly prohibits agents from promising "any award in any amount to an individual"). In each of the subsequent cases in which the implied actual authority issue was addressed, the Court has agreed with the conclusion drawn in *Cruz–Pagan*. *Doe v. United States*, 48 Fed.Cl. at 503 (holding that DEA agents lack implied actual authority because "contracting authority

---

**1.** Plaintiff may be attempting to argue that, regardless of whether the government was contractually obligated to compensate plaintiff, by failing to give plaintiff a percentage of the value of the property seized due to the information given by him, the government is acting in violation of 28 U.S.C. § 524(c). This Court, however, has re-

peatedly held that "[s]ection 524 cannot form the basis for a claim in this [C]ourt because it is not 'money mandating' but rather involves rewards that are totally discretionary." *Khairallah v. United States*, 43 Fed.Cl. 57, 61 (1999); *Hoch v. United States*, 33 Fed.Cl. 39, 45 (1995).

is not an integral part of [their] duties" and "DEA's internal procedures expressly preclude DEA agents from exercising contractual authority"); *Khairallah,* 43 Fed.Cl. at 62–63 (concluding that DEA agents do not have the authority to award payments of this type because such authority can not be implied "under circumstances in which Congress has set up a specific device for rewarding informants"). Plaintiff has failed to convince the Court that either the reasoning behind those decisions was flawed or that this case requires different treatment. This Court, therefore, holds that none of the DEA agents that were specified by plaintiff had either express or implied actual authority to enter into the contract alleged by plaintiff.

## II. Plaintiff fails to demonstrate that U.S. Attorney Gil had the requisite authority to enter into, or ratify, contracts regarding informant compensation on the behalf of the United States.

■ Plaintiff maintains that, even if the Court finds, as it does, that the DEA agents in question did not have the authority to bind the government in contract, U.S. Attorney Gil's participation in this agreement made it binding upon the United States. It is unclear whether the plaintiff believes that Gil participated in the formation of the contract or ratified a contract made by the DEA agents. Defendant counters that, even if the facts were as plaintiff alleges, and that Gil entered into or ratified an agreement with plaintiff concerning compensation for his information, plaintiff has not demonstrated that this agreement was binding on the government. Whether Gil was forming a contract or ratifying a contract, it is not binding on the government unless plaintiff can demonstrate that he had the actual authority to contract on behalf of the government in such a manner. *Perri v. United States,* 53 Fed.Cl. 381, 401 (2002) (explaining that ratification of an unauthorized official's promise may result in a binding contract where there is "knowing acceptance of the benefits by *those empowered to bind the government*" (internal quotations omitted) (emphasis added)); *City of El Centro,* 922 F.2d at 820 (stating that, among other things, a government agent must have the actual authority to bind the government in contract in order for the government to be so bound).

Plaintiff, however, does not address the issue of whether U.S. Attorney Gil had implied actual authority contract in such manner. He simply states that Gil is a U.S. Attorney and that Gil promised plaintiff that if plaintiff "performed his job well, he was going to be very well remunerated." Pl.'s Mot. in Opp'n to Def's Summ. J. 7. To survive a motion for summary judgment, plaintiff "must set out … what specific evidence could be offered at trial." *Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1562–63 (Fed.Cir.1987) (quoting *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.,* 731 F.2d 831, 836 (Fed.Cir. 1984)). Plaintiff acknowledges that he has "no documents whatsoever" that indicate that U.S. Attorney Gil either had the authority to enter into such a contract, or intended to enter into such a contract. Tr. 10, 16. Thus, plaintiff has failed to identify any evidence that points to the conclusion that U.S. Attorney Gil had the authority to contract in the manner alleged by plaintiff. Therefore, plaintiff has failed to demonstrate that any government representative with the requisite authority agreed to compensate him monetarily for the information that he provided.

## CONCLUSION

For the reasons stated, this Court finds that there are no genuine issues of material fact in dispute, and the government is entitled to judgment as a matter of law. Defendant's motion for summary judgment is GRANTED. The Clerk shall enter judgment for the defendant. No costs.