BISSELL, Circuit Judge.
 

 Robert Merrick appeals the judgment of the United States Claims Court, No. 654-86T (July 20, 1987), dismissing his complaint. We reverse and remand.
 

 BACKGROUND
 

 In June 1982, Merrick provided the Internal Revenue Service (IRS) with information otherwise unknown to the agency regarding an illegal tax shelter. This information indicated the identities of approximately 1,600 persons who had invested in this shelter. As a result, the IRS recovered over $10 million.
 

 In February 1984, the Acting District Director for the Los Angeles, California area office informed Merrick that Merrick would receive a reward for providing the information, and that the reward would be calculated under ¶ 1 of IRS Publication No. 733 (July 1980). Under that paragraph,
 
 *726
 
 Merrick would obtain for each investor 10% of the first $75,000 recovered, 5% of the next $25,000 recovered, and 1% of the any additional recovery with the total reward for each investor not to exceed $50,000.
 

 The IRS paid Merrick a reward of approximately $31,000. However, because the IRS determined that the identified investors were “related,” the IRS notified Merrick that his total reward could not exceed $50,000. Merrick made a demand on the IRS for an additional reward, which the IRS rejected. Merrick thereafter filed suit in the Claims Court. In a bench ruling on June 16, 1987, the Claims Court dismissed Merrick’s complaint for failure to state a claim.
 
 Merrick v. United States,
 
 No. 654-86T (Cl.Ct. June 16, 1987). Merrick subsequently appealed.
 

 ISSUE
 

 Whether Merrick’s complaint alleges facts sufficient to state a monetary claim against the United States.
 

 DECISION
 

 In 26 U.S.C. § 7623 (1982), Congress authorized the Secretary of the Treasury “to pay such sums ... as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws....” The implementing regulations state that a “district director may approve such reward as he deems suitable....” 26 C.F.R. § 301.7623-1(a) (1987). These authorities give the IRS broad discretion to decide whether to make an award or how much to grant.
 
 Saracena v. United States,
 
 508 F.2d 1333, 1336, 206 Ct.Cl. 90 (1975).
 

 The United States cannot be contractually bound merely by invoking the cited statute and regulation.
 
 Id.
 
 An enforceable contract will arise under these authorities only after the informant and the government negotiate and fix a specific amount as the reward.
 
 Lagermeier v. United States,
 
 566 F.2d 1188, 214 Ct.Cl. 758, 760 (1977);
 
 Gordon v. United States,
 
 36 F.Supp. 639, 640, 92 Ct.Cl. 499 (1941);
 
 Briggs v. United States,
 
 15 Ct.Cl. 48, 50, 54 (1879).
 

 In this case, Merrick’s complaint alleges that an Acting District Director fixed the amount of the reward in February 1984 by establishing how the IRS would calculate it. On a motion to dismiss for failure to state a claim, we must assume the facts alleged in the complaint are true.
 
 Miree v. DeKalb County,
 
 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977);
 
 Scheuer v. Rhodes,
 
 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The facts alleged in Merrick’s complaint are sufficient to state that the IRS fixed the amount of the reward. Therefore, these facts are sufficient to state a contract claim against the United States.
 

 The government maintains that no contract could have arisen in this case. It asserts that because Merrick supplied information before the District Director made his alleged promise, Merrick’s conduct was merely past consideration that could not support an enforceable agreement. Nonetheless, our precedents establish that the subject statute and regulation amount to an indefinite reward offer that an informant may respond to by his conduct.
 
 See Lagermeier,
 
 214 Ct.Cl. at 760, 566 F.2d 1188 (quoting
 
 Gordon,
 
 36 F.Supp. at 640). Because, however, the obstacle of indefiniteness may be removed by the subsequent conduct of the parties, an enforceable contract arises when the parties fix the reward amount.
 
 See
 
 Restatement (Second) of Contracts § 34 comment c (1981); 1 S. Williston,
 
 A Treatise on the Law of Contracts
 
 § 49 (3d ed. 1957). They have done so here. The issue of past consideration, therefore, never arises and is no bar to our holding in this case.
 

 Merrick further contends that after the IRS exercised its discretion in deciding to pay Merrick a reward, Publication 733 sufficiently defines the reward’s amount to enable him to bring a contract claim on that basis.
 
 See Lagermeier,
 
 214 Ct.Cl. at 760-61, 566 F.2d 1188. We need not, and do not, reach that question.
 

 
 *727
 
 COSTS
 

 Each party shall bear its own costs.
 

 CONCLUSION
 

 For the stated reasons, we reverse the judgment of the Claims Court, and remand for further proceedings.
 

 REVERSED AND REMANDED.