GIRLING HEALTH SYSTEMS, INC., Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 91–5043.

United States Court of Appeals, Federal Circuit.

Nov. 22, 1991.

Michael J. Christianson, Law offices of Michael J. Christianson, Inc., Newport Beach, Cal., argued for plaintiff-appellant.

Bridget M. Rowan, Atty., Dept. of Justice, Washington, D.C., argued for defendant-appellee. With her on the brief were Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen and William S. Estabrook, Attys.

Before ARCHER, MICHEL and PLAGER, Circuit Judges.

## OPINION

ARCHER, Circuit Judge.

Girling Health Systems, Inc. (Girling) appeals the November 20, 1990 order of the United States Claims Court, 22 Cl.Ct. 66, No. 372–89 T, dismissing Girling's action for lack of subject matter jurisdiction. We affirm.

### I

Girling filed suit in the Claims Court for breach of an implied-in-fact contract. Girling claimed that Internal Revenue Service (IRS) Form 2553, entitled "Election by a Small Business Corporation," contained an offer that IRS would act in a timely manner and that this offer was accepted when Girling filed Form 2553 to elect Subchapter S status for its fiscal year ending July 31, 1987. *See* 26 U.S.C. § 1361 (1988). The instructions to Form 2553 contained the following pertinent language:

> E. Acceptance or Non-acceptance of Election.—IRS will notify you if your election is accepted and when it will take effect. *You should generally receive determination on your election within 60 days after you have filed Form 2553.* Do not file Form 1120S until you are notified that your election is accepted. . . .
>
> You will also be notified if your election is not accepted.
>
> Care should be exercised to ensure the election is received by Internal Revenue Service. If you are not notified of acceptance or non-acceptance of your election within *3 months* of date of filing (date mailed), *you should take follow-up action* by corresponding with the service center where the election was filed.

(Emphasis added.)

Girling alleged that the IRS breached an implied-in-fact contract when it did not act on Girling's Form 2553, which was filed on October 15, 1986, until December 15, 1987. When Girling's request for Subchapter S status was finally declined by the IRS, Girling then attempted to change its accounting method from cash basis to accrual basis. Girling's application for change of accounting was denied because it was untimely filed. Girling contended that the government's breach of the alleged contract prevented it from timely filing an application for change of accounting and it thereby suffered damages.

The Claims Court granted the government's motion to dismiss for lack of jurisdiction. It concluded that there was no implied-in-fact contract on which to base jurisdiction, and that there was no reason to allow Girling to amend its complaint from an action based on contract to an action for a tax refund.

### II

■ The Claims Court has jurisdiction over "any claim against the United States founded ... upon any express or implied contract with the United States...." 28 U.S.C. § 1491(a)(1) (1988). The Claims Court's jurisdiction extends only to actual contracts, express or implied, and not to contracts implied at law. *Hatzlachh Supply Co., v. United States*, 444 U.S. 460, 465 n. 5, 100 S.Ct. 647, 650 n. 5, 62 L.Ed.2d 614 (1980). Thus, to establish jurisdiction based on an implied contract, an appellant must establish the elements of a contract, including consideration, mutuality of in-

tent, and definiteness of terms. *Tree Farm Dev. Corp. v. United States*, 585 F.2d 493, 500, 218 Ct.Cl. 308 (1978) (quoting *Russell Corp. v. United States*, 537 F.2d 474, 482, 210 Ct.Cl. 596 (1976) ("The requirements of mutuality of intent and lack of ambiguity in offer and acceptance are the same for an implied-in-fact contract as for an express contract...."))); *Somali Dev. Bank v. United States*, 508 F.2d 817, 822, 205 Ct.Cl. 741 (1974) ("It is fundamental that to constitute an implied contract upon which one may recover under the Tucker Act, there must be some consideration moving to the United States....").

Girling argues that the instructions to the IRS Form 2553 implicitly promised that the IRS would respond to a taxpayer's election request in a reasonable time. However, the language of the instructions does not support this contention. The instructions state only that the taxpayer "should *generally* receive determination on [its] election within 60 days after [filing] Form 2553." (Emphasis added.) This language manifests no intent to be bound. The instructions also state that "[i]f you are not notified of acceptance or non-acceptance of your election within *3 months* of date of filing (date mailed), *you should take follow-up action* by corresponding with the service center where the election was filed." (Emphasis added.) By instructing the taxpayer to contact the IRS if the IRS has not acted on the requested tax status within three months, it is clear that not all Subchapter S elections are acted on within the sixty-day or even the three-month period. Thus, no contractual promise was made by the IRS to act within any particular time. A definite promise to act within a reasonable time, as Girling would have it, cannot be gleaned from this IRS form. Girling's filing of Form 2553, therefore, cannot be considered as an acceptance of a contractual offer.

We are convinced that Girling did not show either the mutuality of intent to contract or the definiteness of terms that would be necessary to support an implied contract. *See Tree Farm Dev. Corp.*, 585 F.2d at 500. Further, Girling made no allegation suggesting that the United States received the consideration necessary to form a binding contract. *See Somali Dev. Bank*, 508 F.2d at 822.

Girling relies heavily on *Merrick v. United States*, 846 F.2d 725 (Fed.Cir.1988), in support of its claim that an implied-in-fact contract exists for the purpose of the Claims Court's jurisdiction. In *Merrick*, however, the government's intent to bind itself was clear—it offered a reward for a definite amount. *Merrick*, 846 F.2d at 725. The issue of consideration was not involved because the contract arose as a result of a statutorily authorized reward offer.

Finally, the Claims Court properly declined to permit Girling to amend its complaint in order to proceed on a tax refund theory. Girling's damage claim did not relate to, or allege, any overpayment of tax. Moreover, Girling did not contend that any tax refund claim had been filed with the IRS, a jurisdictional requirement for commencing a suit for refund in the Claims Court. 26 U.S.C. § 7422 (1988).

Accordingly, the Claims Court's order dismissing Girling's suit for lack of subject matter jurisdiction is affirmed.

AFFIRMED.