Gregory C. KRUG, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 96–621T.

United States Court of Federal Claims.

May 27, 1998.[1]

---

1. This Opinion and Order was filed on April 30, 1998. It is being reissued for publication at the request of the plaintiff pursuant to RCFC 52.1(b).

Gregory C. Krug, Newport Beach, CA, pro se.

G. Robson Stewart, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HODGES, Judge.

This case is before the court on cross-motions for summary judgment. Plaintiff seeks a reward pursuant to I.R.C. § 7623, for providing information to the Internal Revenue Service regarding alleged violations of internal revenue laws. He claims that IRS Publication 733 creates an offer to enter into an implied-in-fact contract. Defendant argues that the Secretary has discretionary authority under I.R.C. § 7623 to issue rewards to informants. We agree that the IRS is not obligated to reward informants pursuant to Publication 733.

## BACKGROUND

Krug provided information to the Internal Revenue Service in 1993, 1994 and 1995 with respect to alleged underpayments of income and gift taxes by certain third-party taxpayers. The information provided by plaintiff caused the IRS to initiate investigations of those taxpayers. As a result, the IRS recovered "millions and millions" of dollars in unpaid taxes. *See* Order of August 21, 1997. Krug submitted seven claims for reward (Forms 211).

The IRS denied the reward claims and issued a letter corresponding to each Form 211 explaining reasons for the disallowance. The letter listed some of the circumstances that result in denial of a reward to an informant:

(1) Recovery was too small to warrant payment of reward.

(2) Information was previously known to the Service or available in public records readily accessible to the Service.

(3) Information furnished did not cause investigation.

The reasons given by the IRS for disallowing the rewards were untrue because the Government admitted that the information provided by plaintiff did cause the investigations, and the IRS collected millions as a result. Defendant explained that the rejection letters sent to Krug were form letters used by the IRS. According to defendant, "[t]he restrictions on the disclosure of confidential tax information limit our giving specific reasons for our decision."

## DISCUSSION

### I. I.R.C. § 7623

Plaintiff argues that I.R.C. § 7623, read in conjunction with IRS Publication 733, creates an implied-in-fact contract. According to Krug, Publication 733 constituted an offer entitling him to accept by performance. He admits that no written contract or verbal promise to pay him a reward exists.

To prove an implied-in-fact contract with the United States, a plaintiff must establish consideration, mutuality of intent, definiteness of terms, and authority of the official whose conduct is relied upon to bind the Government. *H.F. Allen Orchards v. United States,* 749 F.2d 1571, 1575 (Fed.Cir.1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985); *Tree Farm Development Corp. v. United States,* 218 Ct.Cl. 308, 585 F.2d 493 (1978).

Internal Revenue Code § 7623 vests discretion to pay rewards to informants with the Secretary of the Treasury. *Merrick v. United States,* 846 F.2d 725, 726 (Fed.Cir. 1988). "All relevant factors ... shall be

taken into account by a district director in determining whether a reward shall be paid, and, if so, the amount thereof." Treas. Reg. § 301.7623–1(c). Section 7623 states:

> The Secretary, under regulations prescribed by the Secretary, is authorized to pay such sums, not exceeding in the aggregate the sum appropriated therefor, as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws, or conniving at the same, in cases where such expenses are not otherwise provided for by law.

Section 7623 providing for payment of rewards "give[s] the IRS broad discretion to decide whether to make an award or how much to grant." *Merrick,* 846 F.2d at 726 (citing *Saracena v. United States,* 206 Ct.Cl. 90, 95, 508 F.2d 1333, 1336 (1975)). Thus, "[a]n enforceable contract will arise under [I.R.C. § 7623] only after the informant and the government negotiate and fix a specific amount as the reward." *Merrick,* 846 F.2d at 726 (citing *Lagermeier v. United States,* 214 Ct.Cl. 758, 760, 566 F.2d 1188 (1977)). Therefore, "absent special negotiations between the IRS and the person seeking an award, ... there is no contractual obligation to make a definite award." *Lagermeier,* 214 Ct.Cl. at 760.

■ I.R.C. § 7623 does not create an offer to enter into an implied-in-fact contract, absent a negotiated fixed amount. Plaintiff does not have a written contract, or any other documents or verbal promises from any IRS official authorized to bind the United States. "The United States cannot be contractually bound merely by invoking the cited statute and regulation." *Merrick,* 846 F.2d at 726 (citing *Saracena,* 206 Ct.Cl. 90, 508 F.2d 1333 (1975)).

## II. Publication 733

■ Krug claims that Publication 733 constitutes an offer that he accepted by response. According to plaintiff, the Government cannot disavow the promises made in the Publication.

Publication 733 summarizes the policies of the IRS with respect to reward payments under I.R.C. § 7623. *Lagermeier v. United States,* 214 Ct.Cl. at 759. The introductory language in Publication 733 states that "the District Director will determine whether a reward will be paid and its amount...." *See* I.R.S. Publication 733. The language in Publication 733 is discretionary and consistent with I.R.C. § 7623. It provides a basis upon which a reward will be calculated *if* the Secretary has authorized compensation to an informant. Until it is determined that a reward is payable, the payment terms of Publication 733 are insufficient to meet the requirements necessary to support an implied-in-fact contract theory.

Furthermore, "[s]ection 7623, the regulations thereunder, Publication 733, and Form 211 all make clear that the determination of whether an informant will receive a reward, and if so, the amount of that reward, are entirely within the discretion of the Secretary of the Treasury." *Thomas v. United States,* 22 Cl.Ct. 749, 750 (1991) (citing *Diamond v. United States,* 213 Ct.Cl. 766, 767, 566 F.2d 1188 (1977)). The Government has not offered to pay plaintiff a definite sum. No contract has been created.

## III. Abuse of Discretion

■ Plaintiff contends however, that even if the statute and publication vest discretion with the District Director to determine what amount should be awarded, refusing to grant plaintiff a reward after information provided by the plaintiff led to the seizure of "millions and millions" of dollars constituted an abuse of that discretion. An administrative decision as to the amount of a reward under I.R.C. § 7623 is reviewable by the Court for abuse of discretion or lack of a rational basis. *Lagermeier,* 214 Ct.Cl. at 760 (citing *Saracena,* 206 Ct.Cl. at 95, 508 F.2d 1333).

■ The Government asserted that it was unable to give specific reasons for denial of Krug's reward claims because of the restrictions imposed on disclosing confidential tax information. In response to that assertion, we reviewed documents *in camera* to determine whether the Secretary had a rational basis for denying plaintiff's reward claims.

Absent factual allegations that raise substantial doubts as to the integrity of the IRS procedure, plaintiff has no claim for abuse of

discretion because the IRS is not obligated to pay a reward even to eligible applicants. *Doe v. United States*, 38 Fed.Cl. 377, 378 (1997). The Service's reasons for rejecting plaintiff's reward claims were not irrational.[2] "The mere fact that [the Service] provided no reward ... does not, by itself, demonstrate an abuse of discretion." *Id.* at 378, 379.

## CONCLUSION

The Justice Department resisted discovery for months, then stipulated all that plaintiff was attempting to establish through a series of motions to compel and other efforts to obtain cooperation. Government counsel ultimately acknowledged that the IRS used the information plaintiff provided to make cases against the taxpayers, that it did not have the information available otherwise, and that it recovered "millions and millions" of dollars in taxes and penalties as a result of plaintiff's information. The Government then gave plaintiff inapplicable possible reasons for denying his claim for reward on the basis that the real reason could not be revealed because of taxpayer privacy laws. The reasons do not affect taxpayer privacy at all.

However, I.R.C. § 7623 and Publication 733 provide the Secretary with discretionary authority to deny a claim for reward. Absent a lack of rational basis for the decision we must defer to the judgment of the Secretary. Accordingly, defendant's motion for summary judgment must be GRANTED. No costs.

**2.** We do not include the reasons here because of defendant's expressed concern that such infor- mation is privileged.