**CONFIDENTIAL INFORMANT,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 98–796 T.

United States Court of Federal Claims.

Feb. 4, 2000.[1]

1. This opinion was issued under seal on December 21, 1999. Pursuant to ¶ 2 of the ordering language, the parties were instructed to identify protected/privileged material subject to deletion. Neither party proposed redactions. Therefore, no deletions have been made.

David Cromwell Johnson, Birmingham, AL, for plaintiff.

Michael Fitzpatrick Cox, with whom were Loretta C. Argrett, Assistant Attorney General, and Mildred L. Seidman, Chief, Court of Federal Claims Section, United States Department of Justice, Washington, DC for defendant.

*OPINION AND ORDER*

HEWITT, Judge.

This matter comes before the court on the Motion of the United States to Dismiss the Complaint ("Motion to Dismiss" or "Defendant's Motion") pursuant to Rules of the Court of Federal Claims ("RCFC") 12(b)(1) and (4). Plaintiff alleges that he[2] assisted the Internal Revenue Service ("IRS") in the collection of taxes as a confidential informant. Plaintiff asserts that the reward he received did not constitute just compensation for the assistance he rendered.

In its Motion to Dismiss, defendant asserts that this court does not have jurisdiction to review the IRS's reward decision. Defendant also asserts that there was no enforceable contract between the parties. For the following reasons, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

I. Background

The following facts are taken from plaintiff's Amended Complaint filed on May 28, 1999 ("Plaintiff's Complaint" or "Amended Complaint").[3]

Plaintiff brings the current action to recover amounts allegedly due to him for furnishing information to the IRS relating to viola-

---

2. "His" and "he" are used generically in this opinion to refer to plaintiff. Plaintiff's identity is confidential and protected by a Protective Order of this court issued on May 6, 1999.

3. In its Motion to Dismiss, defendant states that it presumes the facts alleged in Plaintiff's Complaint are true.

tions of United States Internal Revenue laws. His claim is founded upon I.R.C. § 7623 (1994) and Treas. Reg. § 301.7623–1 (as amended in 1973)[4]. As a basis for jurisdiction, plaintiff relies upon Article 3, Section 2, Clause 2 of the United States Constitution and 28 U.S.C. § 1346 (1994), which provides for the jurisdiction of the district courts, concurrent with the United States Court of Federal Claims, over civil actions or claims, not exceeding $10,000, based upon any express or implied contract with the United States.[5] Plaintiff also alleges a breach of an express contract by defendant.

Plaintiff asserts that he and defendant "reached a direct and explicit agreement" regarding the reward that would be given to plaintiff. Plaintiff's Complaint at ¶ 6. Plaintiff further asserts that the amount was fixed to comply with IRS Publication 733. The information provided by plaintiff allowed defendant to assess over $72,000,000 in taxes and penalties, to seize over $5,000,000 in cash and property, and to arrest the individual who failed to comply with the United States Internal Revenue laws.

Plaintiff filed an "Application for Reward for Original Information"—IRS Form 211. Plaintiff's reward claim was denied by letter from the IRS Southeast Region Service Center Director dated September 16, 1996. Appendix B to Motion to Dismiss ("Appendix B") at B–14. The reasons cited were "(1) Recovery was too small to warrant payment of reward. (2) Information was previously known to the Service or available in public records readily accessible to the Service. (3) Information furnished did not cause investi-

gation." *Id.* A claim for reward was later allowed and plaintiff received a check in the amount of $1401.35 dated December 22, 1997. *Id.* at B–21.

Plaintiff's Complaint alleges four separate counts against defendant. Each count demands judgment against defendant for compensatory and punitive damages in the amount of $500,000, or an amount to be determined by the court. The first count states that defendant's actions constitute an abuse of discretion in the application of the laws of the United States. The second count asserts that defendant breached "an explicit, direct and binding [contractual] agreement" with plaintiff. Plaintiff's Complaint at ¶ 24. The third count requests relief under the doctrine of promissory estoppel. Further to its estoppel count, plaintiff states that "defendant in its promises, representations and statements to the Plaintiff should be estopped from such activity and harm done the Plaintiff and other third parties." *Id.* at ¶ 29.[6] Plaintiff's final count is titled "Complaint on Covenant or Agreement." It asserts that defendant knowingly and purposefully breached an agreement with plaintiff, and that plaintiff's injury was foreseeable. *Id.* at ¶ 32.[7]

## II. Discussion

### A. Standard of Review—Motion to Dismiss

■■■ Defendant bases its Motion to Dismiss on RCFC 12(b)(1) and (4). Rule 12(b)(1) provides for dismissal of a claim based on a "lack of jurisdiction over the subject matter." RCFC 12(b)(1). *See, e.g.,*

---

**4.** I.R.C. § 7623 was amended in 1996. The implementing regulation has also undergone minor changes. Plaintiff does not provide dates for the facts it alleges in its pleadings. The court does, however, have a copy of a letter drafted by the relevant FBI agent to plaintiff's attorney. The letter states that contacts between plaintiff and the FBI agent occurred in 1989. Appendix B to Motion to Dismiss at B–15. Therefore, the court analyzes Plaintiff's Complaint and Defendant's Motion under I.R.C. § 7623 and the regulation that were in effect before the 1996 amendment.

**5.** Neither of these authorities provides a jurisdictional basis for this claim. Plaintiff's rights, if any, must arise under 28 U.S.C. § 1491(a) (1994).

**6.** It is well settled that the Court of Federal Claims does not have jurisdiction, pursuant to the Tucker Act, over promissory estoppel claims. *Son Broadcasting, Inc. v. United States,* 42 Fed. Cl. 532, 536 (1998).

**7.** Plaintiff also asserts that defendant is liable to plaintiff for "proximately causing the contractual rights of Plaintiff to be nullified without compensation." Plaintiff's Complaint at ¶ 11. In this connection, plaintiff asserts a right to just compensation based upon the Fifth Amendment takings clause to the United States Constitution. The property plaintiff claims was taken were his contractual rights.

Fed.R.Civ.P. 12(b)(1). Whether a court possesses subject matter jurisdiction over a claim depends upon the "court's general power to adjudicate in specific areas of substantive law." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed.Cir.1999). Rule 12(b)(4) provides for dismissal based on the "failure to state a claim upon which relief can be granted." RCFC 12(b)(4). *See, e.g.*, Fed.R.Civ.P. 12(b)(6). Rule 12(b)(4) addresses "the question of whether in a specific case a court is able to exercise its general power with regard to the facts peculiar to the specific claim." *Palmer*, 168 F.3d at 1313. Dismissal under 12(b)(4) constitutes an adjudication on the merits of a claim. *Maniere v. United States*, 31 Fed.Cl. 410, 419 (1994).

The Supreme Court has stated that in weighing evidence in evaluating a motion to dismiss, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir. 1989); *LaMirage, Inc. v. United States*, 44 Fed.Cl. 192, 196 (1999). In rendering a decision on a motion to dismiss, the court must presume that undisputed factual allegations in the complaint are true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir.1988); *LaMirage, Inc.*, 44 Fed.Cl. at 196.

### B. Jurisdiction—Claim Under I.R.C. § 7623

#### 1. Sovereign Immunity

Under the doctrine of sovereign immunity the United States is immune from suit, unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The terms of such consent must be "unequivocally expressed." *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)

(quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)).

The jurisdiction of the United States Court of Federal Claims is provided by 28 U.S.C. § 1491 (1994) (the "Tucker Act"). The Tucker Act states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). However, the Tucker Act does not waive sovereign immunity. *Testan*, 424 U.S. at 398, 96 S.Ct. 948. A plaintiff must assert a substantive right for money damages, independent of the Tucker Act, in order for this court to have jurisdiction over a plaintiff's complaint. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (stating that the burden of establishing jurisdiction is on the plaintiff). When looking for such a right, "the ... entitlement to money damages depends upon whether any federal statute 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Testan*, 424 U.S. at 400, 96 S.Ct. 948 (quoting *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002, 1009 (1967)).

In this action, plaintiff claims a substantive right pursuant to I.R.C. § 7623. Plaintiff also contends that he had entered into a contractual agreement with the government. Based on the contractual rights cited by plaintiff, plaintiff further claims the government took his contractual rights in violation of the Fifth Amendment to the United States Constitution.[8] In order to determine whether plaintiff asserts a substantive right for money damages over which this court has

---

**8.** *See* note 6. Plaintiff's takings claim must fail. In Plaintiff's Brief in Opposition to the United States Motion to Dismiss the Complaint ("Plaintiff's Opposition"), plaintiff did not respond to the Fifth Amendment takings argument in Defen-

dant's Motion. *See infra* note 9 and accompanying and preceding text. In addition, plaintiff fails to show the existence of a compensable property interest that was taken by the government.

jurisdiction, it is necessary to examine individually the bases for plaintiff's claims.

2. The Court of Federal Claims may not exercise jurisdiction over plaintiff's claim to the extent plaintiff relies on I.R.C. § 7623 as a basis for jurisdiction.

In its Motion to Dismiss, defendant asserts that, because of the discretionary nature of the statute and its implementing regulations, this court does not have jurisdiction to review the IRS's discretion to make a reward under I.R.C. § 7623. Defendant's Motion at 9–10. In response, plaintiff cites several cases which plaintiff alleges stand for the proposition that this court has jurisdiction over claims under I.R.C. § 7623.[9]

The issue is whether I.R.C. § 7623 and its implementing regulations are "money-mandating," as required by the Tucker Act. I.R.C. § 7623 provides:

The Secretary, under regulations prescribed by the Secretary, is authorized to pay such sums, not exceeding in the aggregate the sum appropriated therefor, as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws, or conniving at the same, in cases where such expenses are not otherwise provided for by law.

I.R.C. § 7623. The Internal Revenue Service regulation which addresses rewards pursuant to Treas. Reg. § 301.7623–1 provides in pertinent part:

(a) In general. A district director may approve such reward as he deems suitable for information that leads to the detection and punishment of any person guilty of violating any internal revenue law, or conniving at the same . . . .

. . . .

(c) Amount and payment of reward. All relevant factors, including the value of the information furnished in relation to the facts developed by the investigation of the violation, shall be taken into account by a district director in determining whether a

reward shall be paid, and, if so, the amount thereof. The amount of a reward shall represent what the district director deems to be adequate compensation in the particular case, normally not to exceed 10 percent of the additional taxes, penalties, and fines which are recovered as a result of the information. . . . No person is authorized under these regulations to make any offer, or promise, or otherwise to bind a district director with respect to the payment of any reward or the amount thereof.

Treas. Reg. § 301.7623–1.

■ The Federal Circuit has stated that "[t]he United States cannot be contractually bound merely by invoking [I.R.C. § 7623 (1982) and Treas. Reg. § 301.7623–1(a) (1987) ]." *Merrick v. United States*, 846 F.2d 725, 726 (Fed.Cir.1988). *See Saracena v. United States*, 206 Ct.Cl. 90, 508 F.2d 1333, 1336 (1975); *Thomas v. United States*, 22 Cl.Ct. 749, 750 (1991). *See also Carelli v. IRS*, 668 F.2d 902, 904 (6th Cir.1982) (finding that I.R.C. § 7623 does not waive sovereign immunity from suit). The Court of Claims has also determined that a statute is money-mandating when the language and effect of the statute mandate the payment of compensation. *Eastport S.S. Corp.*, 372 F.2d at 1009; *Hoch v. United States*, 33 Fed.Cl. 39, 42 (1995). While discretionary language generally signals that Congress did not intend to create a substantive right to compensation, *Hoch*, 33 Fed.Cl. at 43, the fact that a statute contains discretionary language is not wholly determinative of the issue. *Id.* at 42.

■ This court has identified two characteristics which make a discretionary language statute money-mandating. *Id.* at 43. The first is that the statute must "enumerate specific requirements that must be fulfilled before an informant acquires an absolute right to compensation." *Id.* (citing *Tyson v. United States*, 91 Ct.Cl. 139, 32 F.Supp. 135, 136 (1940), which held that section 619 of the Tariff Act of 1930 was money-mandating because it required, among other things, that the informer provide original information). The second characteristic of a money-man-

9. Plaintiff's citation of cases decided by this court is conclusory in nature and does not direct-ly or substantively respond to the matters raised by Defendant's Motion.

dating statute is that it states a sum certain. *Id.* at 44 (citing *Doe v. United States*, 32 Fed.Cl. 472, 474 (1994), which held that 19 U.S.C. § 1619(a), which left to the Secretary of Treasury the discretion to reward any amount from zero to twenty-five percent of the forfeiture, was not money-mandating).

■ Section 7623 of the Internal Revenue Code and Treas. Reg. 301.7623–1 contain discretionary language. However, they do not contain the two characteristics described in *Hoch* that would make them money-mandating. Neither the statute nor the regulation contains specific requirements that an informant must meet in order to be eligible for compensation. Furthermore, neither the statute nor the regulation states a sum certain. Treasury Regulation § 301.7623–1 states that "[t]he amount of a reward shall represent what the district director deems to be adequate compensation in the particular case, normally not to exceed 10 percent of the additional taxes, penalties, and fines which are recovered as a result of the information." Treas. Reg. § 301.7623–1.

Based upon the language of the statute, this court finds that the statute is not money-mandating within the meaning of the Tucker Act. Defendant's Motion, with respect to defendant's assertion that the Court of Federal Claims does not have jurisdiction to review the IRS's exercise of its discretion to make a reward under I.R.C. § 7623, is granted.

C. Contractual Claim—Elements of a Contract Neither Shown Nor Disproved

Plaintiff also asserts a right to compensation based on what he believes was a contractual agreement with the government. In his Amended Complaint, plaintiff asserts that "Plaintiff and Defendant reached a direct and explicit agreement that Plaintiff would be given a reward and fixed the amount to comply with IRS Publication 733. This agreement was reached prior to the delivery by the Plaintiff to the Defendant of the information that allowed the [IRS] to collect the sums due which it would not have otherwise been aware of, and constitutes an enforceable contract." Amended Complaint at ¶ 6.

In its Motion to Dismiss, defendant asserts that there was no enforceable agreement between the parties. In particular, defendant asserts that neither the oral representations of the FBI and IRS agents nor IRS Publication 733 give rise to an enforceable contract. Defendant's Motion at 6–8. In Plaintiff's Brief in Opposition to the United States Motion to Dismiss the Complaint ("Plaintiff's Opposition"), plaintiff does not dispute defendant's assertion that IRS Publication 733 does not give rise to an enforceable contract. This court has stated that "[u]ntil it is determined that a reward is payable, the payment terms of Publication 733 are insufficient to meet the requirements necessary to support an implied-in-fact contract theory." *Krug v. United States*, 41 Fed.Cl. 96, 98 (1998), *aff'd*, 168 F.3d 1307 (Fed.Cir.1999). The court notes the omission to argue and finds that plaintiff has conceded that he is unable to rely on IRS Publication 733 in attempting to establish the existence of a contract. *Cubic Defense Sys., Inc. v. United States*, 45 Fed. Cl. 450, 463 (1999) (citing 16A Charles Alan Wright et al., *Federal Practice and Procedure* § 3974.1, at n.12 (West 1999)). Defendant further asserts that the payment of a reward does not—as claimed by plaintiff—create an enforceable contract for an additional reward.[10] Defendant's Motion at 8–9.

Defendant asserts that the FBI and IRS agents from whom plaintiff received oral assurances did not have the authority to bind the government. *Id.* at 6 (citing *Chase v. United States*, 103 Ct.Cl. 780, 60 F.Supp. 211, 212 (1945)). Plaintiff did not directly address

---

10. This too is an issue plaintiff failed to rebut in Plaintiff's Opposition. This court's predecessor, the Court of Claims, determined that "[t]he mere fact that the reward was less than the 10 percent mentioned in the regulation as a possible upper limit does not authorize the court to set aside the award and order a trial to determine adequate or reasonable compensation....The burden is on the plaintiffs to establish that there was no ra-

tional basis for the District Director's decision...." *Saracena v. United States*, 508 F.2d at 1336. Plaintiff is not relieved of his burden of establishing a valid contract merely because he received some amount of reward. Plaintiff's failure to argue this issue is a concession of the point. *Cubic Defense Sys., Inc.*, 45 Fed.Cl. at 463.

this issue in Plaintiff's Opposition. However, in his Amended Complaint, plaintiff alleges that "Plaintiff and Defendant reached a direct and explicit agreement that Plaintiff would be given a reward and fixed the amount to comply with IRS Publication 733." Amended Complaint at ¶ 6.

 To establish a valid contract with the United States, a plaintiff must show mutual intent to contract, including offer, acceptance, and consideration between the parties. *See Trauma Serv. Group v. United States,* 104 F.3d 1321, 1325 (Fed.Cir.1997); *Fincke v. United States,* 230 Ct.Cl. 233, 675 F.2d 289, 294–95 (1982); *Perri v. United States,* 35 Fed.Cl. 627, 632 (1996). In suits against the United States, a plaintiff must also demonstrate that the government representative who entered the agreement had actual authority to bind the government. *See Trauma Serv. Group,* 104 F.3d at 1325; *City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir.1990); *Perri,* 35 Fed.Cl. at 632. "Anyone entering into an agreement with the Government takes the risk of accurately ascertaining the authority of the agents who purport to act for the Government, and this risk remains with the contractor even when the Government agents themselves may have been unaware of the limitations on their authority." *Harbert/Lummus Agrifuels Projects v. United States,* 142 F.3d 1429, 1432 (Fed.Cir.1998); *Trauma Serv. Group,* 104 F.3d at 1325. The government representative's authority may either be express or implied. *See Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Cruz–Pagan v. United States,* 35 Fed.Cl. 59, 60–61 (1996); *Khairallah v. United States,* 43 Fed.Cl. 57, 63 (1999).

Defendant asserts that the "alleged oral representations of the FBI and IRS agents cannot give rise to an enforceable contract." Defendant's Motion at 6. The court first examines whether the FBI or IRS agents were vested with express actual authority.

 Government employees have express actual authority to bind the government in contract when such authority is unambiguously granted by the Constitution, a regulation, or a statute. *Roy v. United States,* 38 Fed.Cl. 184, 188 (1997). Internal Revenue Code § 7623 vests discretion with the Secretary of the Treasury to pay rewards to informants. I.R.C. § 7623; *Krug v. United States,* 41 Fed.Cl. at 97. Through the relevant implementing regulation, the Secretary has granted authority to district directors to approve rewards. Treas. Reg. § 301.7623–1. The regulation states in pertinent part, "(a) ... A district director may approve such reward as he deems suitable for information that leads to the detection and punishment of any person....(c) ... No person is authorized under these regulations to make any offer, or promise, or otherwise to bind a district director with respect to the payment of any reward or the amount thereof." *Id.*

 The individuals with whom plaintiff alleges it reached a "direct and explicit agreement" were two criminal investigative officers with the IRS and a special agent from the FBI. Appendix B at B–04—B–07. Because neither the statute nor the implementing regulation granted the government officials in this case the authority to bind the government in contract, plaintiff's contractual theory of relief cannot rely on the express authority of the government agents. The court will now address whether those agents had implied actual authority.

 The Federal Circuit has stated that "[a]uthority to bind the Government is generally implied when such authority is considered to be an integral part of the duties assigned to a Government employee." *H. Landau & Co. v. United States,* 886 F.2d 322, 324 (Fed.Cir.1989) (quoting John Cibinic, Jr. & Ralph C. Nash, *Formation of Government Contracts* 43 (1982)); *Khairallah,* 43 Fed.Cl. at 63; *Roy,* 38 Fed.Cl. at 189. The word integral has been interpreted to mean "essential" or "necessary to form a whole." *Roy,* 38 Fed.Cl. at 189 (citing *Cruz–Pagan,* 35 Fed.Cl. at 61).

Plaintiff has not addressed the authority of the government employees with whom he met. While the court has determined that these employees were not vested with express actual authority, the court declines to make a determination concerning the implied actual authority of the IRS officers and the

FBI agent without giving the parties an opportunity to address this issue.

### III. Conclusion

1. For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED in part under Rule 12(b)(1) to the extent it relies upon I.R.C. § 7623 and Treas. Reg. § 301.7623–1 as bases for jurisdiction. To the extent Defendant's Motion asserts a failure to state a contract claim upon which relief may be granted, Defendant's Motion is DENIED because the court is unable, on this record, to determine whether or not plaintiff could have dealt with a government agent with implied, actual authority to contract. Plaintiff and defendant shall file with the court, on or before Friday, January 21, 2000, separate supplemental briefs or, if the parties are in agreement on the point, a joint supplemental brief or statement addressing the authority of the two IRS criminal investigative officers and the FBI special agent to bind the government in contract.

2. On or before Friday, January 21, 2000, each party shall file requests for deletion from the published opinion of any material which the party believes should remain under seal, stating with particularity the reasons therefor.

IT IS SO ORDERED.