**Jeffrey Bryan GIBSON (also known as Jeff B. Gibson), Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5178.

United States Court of Appeals, Federal Circuit.

Feb. 4, 2003.

Before MICHEL, RADER, and PROST, Circuit Judges.

RADER, Circuit Judge.

Jeffrey Bryan Gibson appeals the August 16, 2002 decision of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. Because the Court of Federal Claims lacks jurisdiction over the asserted claim, this court *affirms*.

## BACKGROUND

On May 20, 2002, Mr. Gibson filed a complaint in the Court of Federal Claims seeking compensation under several anti-terrorism and informant-rewards statutes, the most relevant being 18 U.S.C. § 3071 (2002), "Rewards for Information Concerning Terrorist Attacks and Espionage." In support of his claim, Mr. Gibson alleges that he provided information to the Federal Bureau of Investigation and the Department of State concerning terrorist acts.

On August 16, 2002, the Court of Federal Claims dismissed Mr. Gibson's complaint for lack of jurisdiction under the Tucker Act, stating that Mr. Gibson did not: (a) establish the elements of an implied contract, i.e., consideration, mutuality of intent and definiteness of terms, (b) cite a provision of the Constitution or any statute mandating the payment of money to him.

On August 21, 2002, the court dismissed Mr. Gibson's amended complaint. On September 6, 2002, the trial court also denied Mr. Gibson Motion for Reconsideration.

## DISCUSSION

This court reviews the jurisdiction of the Court of Federal Claims without deference. *James M. Ellet Constr. Co. v. United States*, 93 F.3d 1537, 1541 (Fed.Cir.1996). The Tucker Act defines the limited jurisdiction of the Court of Federal Claims:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2000).

The Tucker Act is a jurisdictional statute and only grants jurisdiction to the Court of Federal Claims when a statute, regulation, or contract independently creates a substantive right. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). In the present case, Mr. Gibson did not show the elements of a contract: (1) mutuality of intent to contract, (2) consideration, and (3) lack of ambiguity in offer and acceptance. *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed.Cir.1990). The complaint also contains no hints of evidence that the United States received the consideration required to form a binding contract. *Girling Health Sys., Inc. v. United States*, 949 F.2d 1145, 1147 (Fed.Cir.1991). The Court of Federal Claims also correctly noted that the amount of the reward offered by the Department of State is indefinite, and that no statutes mandate the payment of Mr. Gibson's claimed reward. Hence, for these reasons and those articulated by the Court of Federal Claims, the order dismissing the appellant's complaint for lack of jurisdiction is affirmed.