**Thomas Paul CONNER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 06–655C.**

United States Court of Federal Claims.

March 28, 2007.

Thomas Paul Conner, pro se, Willmar, Minnesota.

Jeffrey R. Malo, Trial Attorney, United States Department of Justice, Tax Division, with whom were, Eileen J. O'Connor, Assistant Attorney General, David D. Gustafson, Acting Chief, Court of Federal Claims Section, and W.C. Rapp, Senior Trial Attorney, for Defendant.

## OPINION and ORDER

SMITH, Senior Judge.

### INTRODUCTION

Plaintiff claims that pursuant to 26 U.S.C. § 7623 ("I.R.C. § 7623") and 26 C.F.R. § 301.7623–1(a) he is entitled to a monetary reward because he reported several individuals to the IRS alleging underpayment of their federal taxes. *Compl.* at 1–2; Ex. A.[1] The IRS denied Plaintiff's claim for reward stating in its denial letter that he "did not meet [the] criteria for a reward."[2] *Id.* at 1; Ex. B, C. Plaintiff sought timely reconsideration, which the IRS subsequently denied. *Id.;* Ex. D. Plaintiff then filed his Complaint. In response, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction. After briefing and careful consideration, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

### DISCUSSION

Pursuant to the Tucker Act, 28 U.S.C. § 1491 (2006), this Court has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). To prevail, a plaintiff "must identify a contractual relationship, constitutional provision, statute, or regulation that provides a *substantive right* to monetary damages." *Khan v. United States,* 201 F.3d 1375, 1377 (Fed.Cir.2000) (emphasis added). Defendant asserts that this Court does not have jurisdiction to hear

this matter as Plaintiff's Complaint does not state a statute that provides for a substantive right to monetary damages. Relying on I.R.C. § 7623 and 26 C.F.R. § 301.7623–1, Plaintiff asserts that this Court has jurisdiction to hear his Complaint. The Court must, therefore, turn its attention to these statutes to determine whether the Court has jurisdiction.

In *Merrick v. United States,* the Federal Circuit held that "the United States cannot be contractually bound merely by invoking the cited statute and regulation." *Merrick v. United States,* 846 F.2d 725, 726 (Fed.Cir. 1988). A contractual claim against the Government "will arise under these authorities only after the informant and the government negotiate and fix a specific amount as the reward." *Id.* In *Destefano,* this Court held that "I.R.C. § 7623 and 26 C.F.R. § 301.7623–1 do not mandate monetary rewards and consequently do not create a substantive right to money damages, so plaintiff cannot premise jurisdiction on either the statute or the regulation." *Destefano v. United States,* 52 Fed.Cl. 291, 293 (2002). Rather, the statute and regulation "give the IRS broad discretion to decide whether to make an award or how much to grant." *Merrick,* 846 F.2d at 726 (citing *Saracena v. United States,* 206 Ct.Cl. 90, 508 F.2d 1333, 1336 (1975)).

Turning to the case at hand, it is clear that the Plaintiff did not receive a reward from the IRS. In its letter rejecting Plaintiff's claim for a reward, the IRS explained that "Federal disclosure and privacy laws prohibit[ed]" it from disclosing the specific reason for rejecting Plaintiff's claim, and instead it noted several common reasons why such claims are rejected. Ex. C. Among those reasons were: claimant's information was insufficient to begin an investigation; claimant's information "did not cause an investigation or result in the recovery of taxes, penalties, or fines;" the IRS already had the information claimant provided; or, "taxes re-

---

1. I.R.C. § 7623 allows the IRS to "give monetary rewards for information helpful in discovering unlawful tax practices." *Merrick v. United States,* 18 Cl.Ct. 718, 718 (1989).

2. Plaintiff filed the proper form with the IRS, Form 211, for seeking a monetary reward pursuant to I.R.C. § 7623. *Id.* at 1; Ex. A.

covered were too small to warrant a reward. Our policy. states we do not pay rewards less than $100." *Id.*

While the Court cannot ascertain the precise reason why Plaintiff's claim for reward was rejected by the IRS, it is clear to the Court that the information Plaintiff provided to the IRS was either not used or the amount recovered by the IRS, as a result of the information, was too small to warrant a reward. Thus, no contractual claim against the IRS was created, and the director acted within his discretion in finding that Plaintiff was not entitled to a reward for this information. Therefore, this Court is without jurisdiction to hear Plaintiff's claim. *See Destefano,* 52 Fed.Cl. at 293 (citing *Confidential Informant v. United States,* 46 Fed.Cl. 1, 6 (2000)) ("the District Director's decision, even if unreasonable, is not reviewable by the Court of Federal Claims because plaintiff has not shown that either the statute or the regulation crosses the threshold from a discretionary determination to a mandate of payment.").

## *CONCLUSION*

For the reasons set forth above the Court hereby **GRANTS** Defendant's Motion to Dismiss and the Clerk is directed to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint.

It is so **ORDERED.**